**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

KENNETH WILLIAMS,

    **Petitioner**

  **v.**

WARDEN, CENTRAL DETENTION
FACILITY,

    **Respondent**

_____

\*
\*
\*
\*
\*
\*    **Civil Action No. 07-0702**
\*
\*
\*
\*
\*
\*
\*

### UNITED STATES' MOTION TO DISMISS
### PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

  The United States, by and through its attorney, the United States Attorney for the District

of Columbia, respectfully moves to dismiss petitioner's petition for a writ of habeas corpus, filed

pro se on April 17, 2007, because petitioner has failed to show that he has exhausted his remedies

in the District of Columbia courts before filing the instant petition.

### Brief Procedural History

  Petitioner was arrested on July 2, 2005 on a charge of uttering.  On July 4, 2005, petitioner

was presented in the D.C. Superior Court, assigned Harold Peek, Esq., as counsel, and released on

his personal recognizance for a preliminary hearing set for July 26, 2005.  On July 26, counsel

waived the preliminary hearing and received initial discovery.  The case, 2005 FEL 3739, was set

for arraignment on January 20, 2006, before the Honorable Craig Iscoe, to whom the case was

assigned.  A bench warrant was issued when petitioner failed to appear on that later date.  Mr. Peek,

nonetheless, received additional discovery and a plea offer (government's discovery letter of January

19, 2006 to Harold Peek , Esq. attached (without enclosures) as Attachment "A" hereto, at 2).

Upon petitioner's arrest on the warrant on April 12, 2006, a status hearing was set for April 19, 2006; petitioner was released on his personal recognizance. On April 19, 2006, the matter was reset for April 28, 2006, on which date a bench warrant for petitioner was issued. On October 5, 2006, the matter was scheduled for arraignment on December 4, 2006. On October 18, 2006, the Superior Court issued a writ of habeas corpus ad prosequendum to the warden of Eastern Correctional Institution and the United States Marshal for the State of Maryland, directing that petitioner be produced for arraignment in the Superior Court on December 4, 2006 (Attachment "B" hereto). On November 14, 2006, petitioner filed, pro se, a Motion To Dismiss Indictments, pursuant to Super. Ct. R. Crim. P. 12(b)(2) & 48 (Attachment "C" hereto).

When petitioner was not brought up for his scheduled arraignment on December 4, 2006, the defense asked for a continuance until December 8. On December 8, 2006, petitioner was arraigned on five counts of uttering, four counts of first degree theft, and one count of attempted second degree theft. Petitioner pleaded not guilty, and a status hearing was set for December 12, 2006, in anticipation of a disposition. On that date, defense counsel, who had been ill and unable to meet with petitioner, asked for a continuance so that he could discuss the matter with petitioner. The government did not oppose, and the matter was set over until December 14, 2006. However, petitioner was not brought up on that date, and the status hearing was reset for December 20, 2006.

At the status hearing on December 20, 2006, counsel stated that he wanted to speak further with petitioner about accepting the plea offer; petitioner stated that he wanted a trial date. The court indicated that a trial date would be set at the next status conference. Counsel said that he thought petitioner could be persuaded to resolve the matter by a plea, and the matter was reset for a status hearing to be held January 16, 2007. On January 12, 2007 petitioner filed, pro se, a Motion to

Dismiss, Lack of Speedy Trial, pursuant to Super. Ct. R. Crim. P. 47-I & 48 (Attachment "D"). On January 16, 2007, petitioner announced that he did not want to plead guilty and did not like his assigned attorney. Counsel asked that the plea offer be held open for two more weeks. Petitioner was referred for a forensic examination, and counsel asked that the plea offer be held open for two more weeks.

On January 18, 2007, it was announced that petitioner had been uncooperative in his forensic screening. Petitioner announced that he wanted his assigned attorney to be replaced with an attorney from the Public Defender Service, and moved to have Judge Iscoe recuse himself. The judge set the matter over until February 16, 2007 to allow for a competency examination of the petitioner, stating that if petitioner did not speak with the psychiatrist at the jail he would be transferred to St. Elizabeth's Hospital. On February 16, 2007, it was reported that the petitioner had refused to participate in the competency examination. Petitioner announced that he wanted new counsel and a trial. Judge Iscoe denied both pending motions to dismiss, and ordered petitioner to Saint Elizabeth's for an inpatient competency examination.

On March 19, 2007, it was reported that petitioner was not competent to stand trial but that petitioner would likely become competent in the foreseeable future. On April 19, 2007, when it was reported that petitioner had been found competent, the case was set over for a status hearing on April 24, 2007, and then to April 27, 2007. On that later date, after petitioner stated that he would report his attorney to Bar Counsel, the court granted counsel's motion to withdraw. On May 15, 2007, new counsel was appointed, the government provided her with a complete copy of the discovery

3

previously produced, and a status hearing was set for June 6, 2007.[1]  Meanwhile, on April 17, 2007, petitioner filed the instant petition, to which the government now responds.

## **ARGUMENT**

In his pro se petition for a writ of habeas corpus, petitioner alleges violations of the Interstate Agreement on Detainers and his rights to a speedy trial and due process, and alleges prosecutorial misconduct.

This Court should dismiss petitioner's habeas petition because he has not exhausted his remedies in the D.C. Superior Court and the District of Columbia Court of Appeals.  The purpose of requiring a prisoner to exhaust his remedies in the local courts is to "protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations omitted).  As the Supreme Court has explained, the exhaustion requirement grows out of the principle of comity, "which 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."  Id. (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)).

While the D.C. Circuit has not expressly ruled on this issue, it has suggested that it is favorably inclined toward requiring prisoners such as petitioner to exhaust their remedies in Superior Court.  Maddox v. Elzie, 238 F.3d 437, 440-42 (D.C. Cir. 2001) ("We are not unsympathetic to the . . . view that requiring a D.C. prisoner to exhaust his habeas remedies under [D.C.] law follows logically from the establishment of a State-type court system for the District of Columbia") (citing

---

[1]	This procedural history is based on information from the docket sheet in 2005 FEL 3739 (Superior Court) (Attachment "E" hereto), the government's jacket in that case, and the prosecutor who is handling the underlying case at this time.

D.C. Court Reform and Criminal Procedure Act of 1970); <u>Milhouse v. Levi</u>, 548 F.2d 357, 360 n.6 (D.C. Cir.1976) ("this Court has treated local courts as 'state' courts for the purpose[] of exhaustion") (citing <u>Palmore v. Superior Court of D.C.</u>, 515 F.2d 1294, 1308-1312) (D.C. Cir. 1975) (<u>en banc</u>), <u>vacated and remanded in light of Stone v. Powell, 428 U.S. 465 (1976)</u>, 429 U.S. 915 (1976)); <u>Neal v. Director, District of Columbia Dept. of Corrections</u>, 684 F.2d 17, 20 n.4 (D.C. Cir. 1982) ("[a]t the outset, the district court should discover whether Neal, before petitioning for federal habeas relief, had exhausted the remedies available in District of Columbia courts [;] [w]here, as here, Swain [v. Pressley, 430 U.S. 372 (1977)] does not bar federal court jurisdiction, we assume Congress would have intended that District prisoners bring their claims initially in District courts, just as state prisoners must exhaust state court remedies before coming to federal court"); <u>cf.</u> <u>Madley v. U.S. Parole Comm'n</u>, 278 F.3d 1306, 1308 (D.C. Cir. 2002) (a court of the District of Columbia is a "state court" for purposes of statute providing that there is no appeal to the Court of Appeals from disposition of a habeas petition when the detention complained of arises out of process issued by a State court, unless a circuit justice or judge issues a certificate of appealability) (construing 28 U.S.C. § 2253(c)(1)); <u>Garris v. Lindsay</u>, 794 F.2d 722, 725-26 (D.C. Cir.) (D.C. prisoner has no recourse to federal judicial forum through petition for habeas corpus unless local remedy of collaterally challenging legality of conviction is inadequate), <u>cert.</u> <u>denied</u>, 479 U.S. 993 (1986); <u>see also</u> <u>Banks v. Smith</u>, 377 F. Supp. 2d 92, 95 (D.D.C. 2005) ("Since Banks still has an appeal pending in the DCCA, Banks has not exhausted his remedies").

Furthermore, even if the Court concludes that Superior Court is not a state court for purposes of the exhaustion requirement, the petition should be dismissed under the principles of comity that underly the exhaustion requirement, as many courts have done in cases not involving state courts.

See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[P]rinciples of comity mandate that [petitioner] be required to exhaust his remedies in the Territorial Court before proceeding in the [U.S.] District Court . . . ."); Pador v. Matanane, 653 F.2d 1277, 1279 (9th Cir. 1981) ("Although Guam is a territory rather than a state and appeals from its superior court are to a body having federal characteristics, it remains true, as it is in the case of states, that ordinarily it is better to require the exhaustion of local remedies before entertaining and issuing the writ of habeas corpus"); cf. New v. Cohen, 129 F.3d 639, 641 (D.C. Cir. 1997) ("We affirm the District Court's dismissal of New's habeas petition on the ground that he has failed to exhaust his remedies in the pending court-martial action.").

In this case, petitioner has not yet exhausted his local remedies. For example, even though Judge Iscoe denied petitioner's motions to dismiss, petitioner can appeal those decisions on direct appeal if his case results in a conviction, and must do so in order to fully exhaust his state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Furthermore, this is not a situation where a petitioner could be excused from exhausting his state remedies because the state remedies were inadequate. To the contrary, a violation of the IAD can be remedied very effectively on appeal. Indeed, the D.C. Court of Appeals has ordered the dismissal of an indictment with prejudice based on a violation of the IAD in a case where the defendant raised the claim on direct appeal. See Haigler v. United States, 531 A.2d 1236 (D.C. 1987). Likewise, petitioner's allegations of prosecutorial misconduct and his rights to due process and a speedy trial under the Sixth Amendment also can, and should, be raised on direct appeal if defendant is convicted in Superior Court. See, e.g., Hartridge v. United States, 896 A.2d 198, 205-13 (D.C. 2006) (deciding, on direct appeal, that delay of 27 months between arrest and trial did not violate defendant's speedy trial

rights), cert. denied, 127 S. Ct. 1503 (2007); Seidenberg v. United States, 97 A.2d 463 (D.C. Mun.1953) (reversing conviction for neglect to provide for support and maintenance of a child where indictment was fatally defective for failure to charge that the neglect was wilful).  See also Campbell v. United States, 429 F.2d 209, 212 (D.C. Cir. 1970) (reversing on "elemental due process grounds" where government heavily relied on erroneous assumption, repeated in prosecutor's summation, that robbery victim's gunshot wound was received in course of robbery, where wound was unrelated to the robbery).

Because petitioner's Superior Court case is still pending, and because petitioner has not exhausted his local remedies, this Court should dismiss the petition without prejudice to petitioner's pursuing his remedies in the District of Columbia court system.[2]

---

[2]     If this Court determines that the petition should not be dismissed for failure to exhaust, the government requests an opportunity to address the merits of petitioner's claims at that point.  It should be noted, however, that a habeas petitioner is not entitled to federal habeas relief absent a showing of prejudice attributable to any violation of the IAD.  See Reed v. Farley, 512 U.S. 339, 342 (1994); Murray v. District of Columbia, 826 F. Supp. 4, 8 (D.D.C. 1993).

## <u>CONCLUSION</u>

**WHEREFORE**, petitioner's habeas petition should be dismissed without prejudice.  A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

   /s/ Thomas S. Rees
THOMAS S. REES
Assistant United States Attorney
D.C. Bar Number 358-962
555 4th Street, N.W.
Special Proceedings Division (10th Floor)
Washington, D.C.  20530
(202) 305-1845

8

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, this 21st day of May 2007, I caused copies of the foregoing

Motion To Dismiss and form of order to be sent, via first class mail, postage pre-paid, to:

Mr. Kenneth Williams
# 305 762
Central Detention Facility
1901 "D" Street, S.E.
Washington, D.C. 20032

Attorney General of the District of Columbia
1350 Pennsylvania Avenue, N.W.
Ste. 407
Washington, D.C. 20001

     /s/ Thomas S. Rees
Assistant United States Attorney

ATTACHMENT "A"



**U.S. Department of Justice**

United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St. N.W.
Washington, D.C. 20001

January 19, 2006

Harold Peek, Esq
Attorney At Law

    Re: *United States v. Kenneth Williams*
       *Case No. F-3739-05*

Dear Counsel:

   I am writing to provide you with a plea offer and certain information in response to your request for discovery pursuant to Superior Court Criminal Rule 16.

**I.**  **Plea Offer**

   Your client is currently charged with the following counts: five counts of Uttering, four counts of First Degree Theft, and one count of Attempted Second Degree Theft.   If your client pleads guilty to one count of Uttering and one count of Theft 1, the government will:

-  dismiss the remaining or greater charges(s) at the time of sentencing;
-  reserve its right to allocute as to whether your client should be incarcerated pending sentencing[1];
-  waive the following enhancement papers that might apply: [repeat]; and
-  reserve its right to allocute at the time of sentencing

   Your client understands that the court may use the District of Columbia Sentencing Commission's voluntary sentencing guidelines in imposing the sentence in this case. This plea offer is contingent upon an agreement between the United States and your client that neither party will seek an upward or downward departure outside of your client's applicable guideline range. Your client further understands that the applicable guideline range will not be determined by the court until the time of sentencing. This plea offer expires on February 1, 2006, or upon your client's re-arrest or violation of any condition of release, whichever comes first. The government reserves the right to withdraw this plea offer at any time prior to acceptance of the plea by the Court.

---

[1]Should your client fail to appear for any proceeding, fail to obey any condition of release, or be re-arrested following the entry of a guilty plea, the government will reserve its right to request that your client be incarcerated pending sentencing.

II.     **Discovery**

A.     **Documents**

Copies of the following documents are enclosed with this letter:

- PD 251
- PD 252
- PD 163
- PD 47
- PD 81
- PD 163
- letter from complainant to bank
- Arrest photo
- photo copies of checks with simultaneous photographs of your client as the person signing and cashing the check
- affidavit in support of a search warrant

B.     **Evidence**

1.     **Physical Evidence**

At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below. This evidence includes:
- 911 call and radio run
- Photographs of the victim(s)
- Photographs of the scene
- Diagrams of the location where the incident occurred
- photographs of defendant committing the forging and uttering

2.     **Biological Material**

There are no biological materials in this case.

3.     **Inspection**

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government. *See* Super. Ct. Crim. R. 16(a)(1)(C). If you would like to view any of the evidence listed above or described on the attached police reports, please contact me immediately and we can make arrangements for you, or your certified investigator, to inspect the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by

2

your inspection. Note that any material that is undergoing DNA testing will be unavailable for inspection until after the testing is completed.

Please be aware that the method by which you inspect the evidence may affect the ability to obtain DNA testing of any biological material that is recovered. Handling and viewing the evidence in an uncontrolled environment may lead to contamination of the evidence and render any DNA testing unreliable.

### 4.    Reports of Examinations or Tests and Experts

N/A

### C.    Other Crimes Evidence

At this time, the government does not intend to introduce other crimes evidence as defined by Drew v. United States, 331 F.2d 85 (D.C. Cir. 1964) and Toliver v. United States, 468 A.2d 958 (D.C. 1983) and their progeny. If this should change, I will inform you in writing.

### D.    Statements

The government is not aware of any statements made by your client to law enforcement officers. If the government becomes aware of any such statements, I will notify you in writing.

### E.    Criminal Record

At this time the government is aware that your client has the following criminal convictions: Receiving Stolen Property, Uttering, Theft, Theft by Taking, Transporting a Handgun. Please also refer to the Pretrial Services Report that you received at arraignment for further information about your client's record. I will notify you in writing if the government learns of any additional convictions.

### F.    Government's Discovery Requests

The government hereby makes the following discovery requests:

- notice of documents and tangible objects the defendant expects to introduce pursuant to Super. Ct. Crim. R. 16(b);

- a Jencks request for all prior statements of any defense witness (excluding the defendant) pursuant to Super. Ct. Crim. R. 26.2;

- a Lewis request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

3

- a request for information pertaining to any expert or scientific testimony or evidence pursuant to Rule 16(b)(1)(B) and (C).

Pursuant to Super. Ct. Crim. R. 16(b)(2), we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

### G.    Alibi Demand

The government makes an alibi demand pursuant to Super. Ct. Crim. R. 12.1. In accord with Rule 12.1, the government hereby notifies you that the time, date and place of the offense are indicated on the accompanying police paperwork. In particular, you may find this information in the following places:

- The date and time of the offense is located on Metropolitan Police Department form PD 251, box number 2.

- The location of the offense is located on Metropolitan Police Department form PD 251, box number 9.

- Where the defendant has been arrested pursuant to an arrest warrant, the date, time and location of the offense are listed on the top of the affidavit in support of the warrant.

Pursuant to Rule 12.1, in the event you intend to offer an alibi defense, please direct the appropriate notice to the assigned AUSA within ten days.

### H.    Other Information (**Brady** / **Lewis** / **Giglio**)

None

Lewis information for the government's witnesses will be provided to you at the time of trial.

ATTACHMENT "B"

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CRIMINAL DIVISION - FELONY BRANCH

COPY

UNITED STATES OF AMERICA            : Criminal No. F-3739-05
            v.

                                    : Judge Craig Iscoe

KENNETH WILLIAMS                    : Arraignment Date: December 4, 2006

## WRIT OF HABEAS CORPUS AD PROSEQUENDUM

THE PRESIDENT OF THE UNITED STATES:
TO THE WARDEN, EASTERN CORRECTIONAL INSTITUTION
TO THE UNITED STATES MARSHAL FOR THE DISTRICT OF COLUMBIA SUPERIOR
COURT; TO THE UNITED STATES MARSHAL FOR THE STATE OF MARYLAND

GREETING:

        You are hereby commanded to produce the body of KENNETH WILLIAMS, who is

imprisoned by you and detained as it is said, to either the United States Marshal for the District

of Columbia Superior Court or the United States Marshal for the STATE OF MARYLAND, and

under safe and secure conduct, before the Superior Court of the District of Columbia on

NOVEMBER 28, 2006 so that, KENNETH WILLIAMS, may be present for ARRAIGNMENT

on DECEMBER 4, 2006 in the above-captioned case in this Court, and, then, upon the

conclusion of such proceedings be returned to the jurisdiction from whence he/she came.

_____
                JUDGE

Executed this writ in the
above-entitled case, this
___ day ___ 2006.


_____
  DEPUTY US MARSHALL

ATTACHMENT "C"

# Superior Court of the District of Columbia

## District of Columbia

### Criminal Division

2006 NOV 14 P 4:03

UNITED STATES

     VS.

Kenneth Williams

FILED

Case No. 2005 Fel/003739

Judge Iscoe

## Motion to Dismiss Indictments
### Informations

The petitioner Kenneth Williams supported by, and pursuant to The Federal Rules of Criminal procedure Rule 12(b) and Rule 48(b), makes motion to dismiss defective indictments and informations and says:

1. The prison term imposed for Revocation of probation exceeded 1 year, Violating the 5th amendment Right to indictment by grand Jury.

2. The petitioners 14th amendment Rights, Due process clause, Rights are being violated because prison term exceeded 4 years, denies trial.

3. The petitioners charges on indictment are defective and should be dismissed for multiplicity and duplicity, From one charge there developed many.

4. The indictment is defective because it alleges an infamous crime in violation 5th amendment No person shall be held to answer For infamous but an indictment. ~crime~

5. The petitioner was Released on personal Recognizance, and handed over to the state of md, who imposed a sentence of 5 yrs for V.O.P.

6. The petitioners Bench warrant, and indictment should be lifted because I was bought to the district to face the charges, who handed me over to be sentenced

7. The indictment and bench warrant are causing undo hardship on my Rehabilitation, and I am serving 5yrs Expected Release Date of 8/31/09.

8. your Honor the state delayed presenting charges to the jury otherwise I could have faced charges earlier, Indictment is defective because of tardiness

9. Indictment should be dismissed on statutory grounds, because if I am br... back after 5yrs this would be double jeopardy, because I did face the ...ges,

(over)

10) The petitioners Claim does Not Rest on Right Not to be tried, but on right to be tried in accordance with the Fed. R. Crim. P. Rule 12(b)(2) and the 14th amendment due process Clause and the 5th amendments to indictment by Grand Jury For infamous Crime, I was brought to the district to Face the Charges who then Released me on personal Recognizance, then turned me over to the State of maryland on a bench warrant, who then Revoked probation and Sentenced me to 5 years, to continue with this indictments, information as is Now happening to the petitioner is a violation of the speedy trial act and prejudices the petitioner greatly, the Court could have ordered me held to Face the charges but instead Released me to maryland, and in a way waived its Right to have me Face trial, a clear error, and violation of the due process Clause, and speedy trial act.

11) Indictment should be dismissed For mis conduct Related to discovery because all Relevant Discovery materials were not provided to petitioner, prejudice.

12) The petitioners alleged offense was petty and he had entered into a Prior plea-agreement with alleged victim and the Court to Never come back onto the property, and he has Never been in trouble in the District of Columbia, the indictment, information is preventing the petitioner From entering much needed education trade Schools because of security Clearence that indictments, information place on petitioner.

13) Alternatively your honor Could Consider, and I am asking that all Surplosage in this motion, that the Court strike surplosage of the indictment and dispose of the matter as the Court deems Necessary,

            Wherefore the petitioner prays that he be granted the Relief Sought in his motion.

                                    *Kenneth Williams*
                                    Petitioner

        11/7/06

ATTACHMENT "D"

# Superior Court of The District of Columbia

United States America

v.

Kenneth Williams

**Received**

JAN 1 2 2007

Chambers of
Judge Craig Iscoe

Case No. F-3739-05

## Motion to Dismiss, Lack of Speedy trial (Supplement)

Comes Now the defendant Kenneth Williams and moves the Honorable Court Pursuant to Super. Ct. Crim. R. 47-I and Rule 48 to dismiss Pending Charges in the above Case For 6th amendment trial Violation.

① The Defendant Was not given Fair Notice of the Charges against him or informed of the nature and cause of the accusation, Violation 6th amendment.

② The Defendant upon Further investigation, it is Revealed that it Was not 6 months as originally stated, but 14 months that the defendant has been Denied Speedy trial, Violation 6th amendment.

③ The Defendant has demanded his Right to speedy trial 16 months ago at pretrial, and throughout the proceeding, a showing of actual prejudice.

④ The Defendants motion to dismiss, is (prima Facie) because of the period of delay (14 months) shows prejudice, and is Ripe For adjudication.

⑤ The Defendant objects to any more Continuance and moves For Dismissal of Charges on due process grounds, and speedy trial Rights (5th) (14th) (6th amendment) grounds

⑥ The Defendant asserts, the Fact Remains, that Violation of speedy trial, and Due process Requires dismissal of charges With Prejudice, Turner v. U.S. 622 A.2d 667, 673 n.8 D.C. (1993)

Where fore the Defendant Prays the Court to grant the Relief that is Sought in his Motion. 1/7/07 **Kenneth Williams**

        January 7, 2007        Defendant

loved

## Certificate of service

I hereby certify that on this 7th day of January 2007
a copy of this _motion to dismiss, for lack of speedy trial_ was mailed
Postage pre-paid to

| | | |
|---|---|---|
| U.S. Attorneys office | D.C. Superior Court | |
| 555 4th Street, N.W. | 500 indiana Ave. N.W. | Kenneth Williams |
| Washington, D.C. 2000l | Washington, D.C. 2000l | 1/7/07     Petitioner |

Dear Clerk,

I am a prisoner in the D.C. Jail, accordingly please be sure
that the U.S. Attorney at the above address gets a copy of this motion
and notify the Chief Judge, or Motions Judge of the fact that it
has been 120 days and no decision has been made on this motion under
Rule 47-I subpar-(h)(i) Chief Judge shall take action on the motion

thank you.

Kenneth Williams

ATTACHMENT "E"




Close  Open  Save  Print   Search   FullScr Custdy Parties Image Sumry  ickler Events Track Report

Labels Docket  System  Calc  ImgLnk  Re-  View  Dkt ID Options  Doc
               Notes              Order

2005 FEL 003739        United States  Vs.  WILLIAMS, KENNETH

Search Criteria
Docket Entry                          ⊥    Begin Date              SortDescending
Images        All Dockets                  End Date
Participant                           ⊥
Display OptionExclude Non Display Dockets

┌ Search Results
                                                      Amt Owed/
   Docket    Referenc  Description              Amt            Amount Due
   Date      e                                  Dism/Credit

| Docket Date | Description | Amt Dism/Credit | Amount Due |
|---|---|---|---|
| 4/27/2007 | Event Resulted - Release Status: NO BOND, H. PEEK WITHDRAWS; CASE CONTINUED FOR AOC The following event: Status Hearing scheduled for 04/27/2007 at 9:30 am has been resulted as follows: <br><br>Result: Not Held<br>Judge: ISCOE, CRAIG    Location: Courtroom 221 | | |
| 4/27/2007 | Form Generated: <br><br>Prisoner Return<br>Sent on:  04/27/2007  11:45:03 | | |
| 4/27/2007 | Attorney Dismissed Attorney PEEK, Mr HAROLD B dismissed/withdrawn for  WILLIAMS, KENNETH on 04/27/2007 | | |
| 4/27/2007 | Event Scheduled Event: Ascertainment of Counsel Date: 05/07/2007   Time: 9:30 am Judge: ISCOE, CRAIG    Location: Courtroom 221 | | |
| 4/24/2007 | Event Resulted - Release Status: NO BOND, CASE CONTINUED FOR STATUS HEARING; H. PEEK UNABLE TO MEET WITH DEF., HE WAS HELD AT ST. E'S. The following event: Status Hearing scheduled for 04/24/2007 at 9:30 am has been resulted as follows: <br><br>Result: Not Held<br>Judge: ISCOE, CRAIG    Location: Courtroom 221 | | |
| 4/24/2007 | Event Scheduled Event: Status Hearing Date: 04/27/2007   Time: 9:30 am Judge: ISCOE, CRAIG    Location: Courtroom 221 <br><br>Result: Not Held | | |
| 4/24/2007 | Commitment Pending Disposition Filed <br><br>Commitment Pending Disposition Sent on:  04/24/2007  10:38:19 | | |
| 4/24/2007 | Release Order Filed <br><br>Release/Transfer Order Sent on:  04/24/2007  10:37:24 | | |
| 4/19/2007 | Defendant Found Competent to Stand Trial; CASE CONTINUED FOR STATUS HEARING The following event: Mental Observation Hearing scheduled for 04/19/2007 at 9:30 am has been resulted as follows: <br><br>Result: Defn Found Competent to Stand Trial<br>Judge: ISCOE, CRAIG    Location: Courtroom 221 | | |

Event Scheduled
Event: ... Hearing
Date: 04/../2007    Time: 9:30 am
Judge: ISCOE, CRAIG    Location: Courtroom
221

Result: Not Held
4/19/2007    Form Generated:

Prisoner Return
Sent on: 04/19/2007 10:25:25
4/18/2007    Event Resulted - Release Status: SEH
The following event: Mental Observation
Hearing scheduled for 04/18/2007 at 9:30 am
has been resulted as follows: SEH ARIVED
LATEE AFTER THE COURT WAS IN TRIAL. CASE
CONTINUED. COME UP ISSUED.

Result: Not Held
Judge: ISCOE, CRAIG    Location: Courtroom
221
KENNETH WILLIAMS (Defendant (Criminal)); ;
Mr HAROLD B PEEK (Attorney) on behalf of
KENNETH WILLIAMS (Defendant (Criminal));
Judge CRAIG ISCOE

4/18/2007    Prisoner Transfer Request

Prisoner Transfer Request
Sent on: 04/18/2007 15:59:11
4/18/2007    Event Scheduled
Event: Mental Observation Hearing
Date: 04/19/2007    Time: 9:30 am
Judge: ISCOE, CRAIG    Location: Courtroom
221

Result: Defn Found Competent to Stand Trial
4/18/2007    Form Generated:

Prisoner Return
Sent on: 04/18/2007 15:39:14
4/13/2007    Report recvd from Forensic Inpatient Svcs

3/19/2007    Competency Examination Requested; COURT
ORDERS FURTHER EXAMINATION TO DETERMINE
WHEN DEF. TO REGAIN COMPETENCY
The following event: Mental Observation
Hearing scheduled for 03/19/2007 at 9:30 am
has been resulted as follows:

Result: Mental Competency Exam Requested
Judge: ISCOE, CRAIG    Location: Courtroom
221
3/19/2007    Event Scheduled
Event: Mental Observation Hearing
Date: 04/18/2007    Time: 9:30 am
Judge: ISCOE, CRAIG    Location: Courtroom
221

Result: Not Held
3/19/2007    Form Generated:

Prisoner Return
Sent on: 03/19/2007 14:00:34
3/16/2007    Report recvd from Forensic Inpatient Svcs

2/16/2007    Competency Examination Requested; court
orders def. detained at st. e's for 30 day
exam
The following event: Mental Observation
Hearing scheduled for 02/16/2007 at 9:30 am
has been resulted as follows:

Result: Mental Competency Exam Requested

| | |
|---|---|
| 2/16/2007 | Event Scheduled<br>Event: Mental Observation Hearing<br>Date: 03/19/2007    Time: 9:30 am<br>Judge: ISCOE, CRAIG    Location: Courtroom<br>221 |
| 2/16/2007 | Result: Mental Competency Exam Requested<br>Release Order Filed |
| 2/9/2007 | Release/Transfer Order<br>Sent on: 02/16/2007  15:05:19<br>Rpt rcvd frm Bureau of Legal Svcs |
| 1/24/2007 | Motion Filed: for disclosure of grand jury<br>transcript<br>Attorney: PRO SE (999999) |
| 1/22/2007 | Competency Examination Requested |
| 1/18/2007 | Event Resulted - Release Status: NO BOND,<br>DEF. UNCOOPERATIVE IN SCREENING, COURT<br>ORDERS DEF. HELD AT MENTAL HEALTH UNIT OF<br>JAIL FOR 30 DAYS. FORENSIC SCREENING<br>REORDERED<br>The following event: Mental Observation<br>Hearing scheduled for 01/18/2007 at 9:30 am<br>has been resulted as follows:<br><br>Result: Held<br>Judge: ISCOE, CRAIG    Location: Courtroom<br>221 |
| 1/18/2007 | Event Scheduled<br>Event: Mental Observation Hearing<br>Date: 02/16/2007    Time: 9:30 am<br>Judge: ISCOE, CRAIG    Location: Courtroom<br>221 |
| 1/18/2007 | Result: Mental Competency Exam Requested<br>Commitment Pending Disposition Filed |
| 1/17/2007 | Commitment Pending Disposition<br>Sent on: 01/18/2007  15:21:35<br>Rpt rcvd frm Bureau of Legal Svcs |
| 1/17/2007 | Event Resulted - Release Status: PR, DEF.<br>HELD ON OTHER MATTTERS, STATUS SET ONLY FOR<br>FORENSIC SCREENING ONLY; CASE CONTINUED FOR<br>MENTAL OBSERVATION HEARING; COME UP TO ISSUE<br>The following event: Status Hearing<br>scheduled for 01/17/2007 at 9:30 am has<br>been resulted as follows:<br><br>Result: Not Held<br>Judge: ISCOE, CRAIG    Location: Courtroom<br>221 |
| 1/17/2007 | Form Generated:<br><br>Prisoner Return<br>Sent on: 01/17/2007  15:23:53 |
| 1/16/2007 | Competency Examination Requested, FORENSIC<br>SCREENING SCHEDULED FOR 1/17, COME UP TO<br>ISSUE<br>The following event: Status Hearing<br>scheduled for 01/16/2007 at 9:30 am has<br>been resulted as follows:<br><br>Result: Mental Competency Exam Requested<br>Judge: ISCOE, CRAIG    Location: Courtroom<br>221 |
| 1/16/2007 | Prisoner Transfer Request<br><br>Prisoner Transfer Request<br>Sent on: 01/16/2007  13:58:49 |

Event Scheduled
Event: Observation Hearing
Date: 01/10/2007    Time: 9:30 am
Judge: ISCOE, CRAIG    Location: Courtroom
221

Result: Held

Result: Mental Competency Exam Requested
1/16/2007    Prisoner Transfer Request

Prisoner Transfer Request
Sent on:  01/16/2007  13:56:36
1/16/2007    Event Resulted - Release Status:
The following event: Status Hearing
scheduled for 01/17/2007 at 9:30 am has
been resulted as follows:

Result: Event Scheduled In Error
Judge: ISCOE, CRAIG    Location: Courtroom
221
1/16/2007    Event Scheduled
Event: Status Hearing
Date: 01/17/2007    Time: 9:30 am
Judge: ISCOE, CRAIG    Location: Courtroom
221

Result: Event Scheduled In Error
1/16/2007    Form Generated:

Prisoner Return
Sent on:  01/16/2007  13:54:07
1/16/2007    24 Hour Forensic Screening Ordered

1/16/2007    Event Scheduled
Event: Status Hearing
Date: 01/17/2007    Time: 9:30 am
Judge: ISCOE, CRAIG    Location: Courtroom
221

Result: Not Held
12/20/2006    Event Resulted - Release Status: PR, DEF.
HELD ON OTHER MATTERS, CASE CONTINUED FOR
FURTHER STATUS, COME UP TO ISSUE
The following event: Status Hearing
scheduled for 12/20/2006 at 9:30 am has
been resulted as follows:

Result: Held
Judge: ISCOE, CRAIG    Location: Courtroom
221
12/20/2006    Event Scheduled
Event: Status Hearing
Date: 01/16/2007    Time: 9:30 am
Judge: ISCOE, CRAIG    Location: Courtroom
221

Result: Mental Competency Exam Requested
12/20/2006    Prisoner Transfer Request

Prisoner Transfer Request
Sent on:  12/20/2006  16:05:15
12/20/2006    Form Generated:

Prisoner Return
Sent on:  12/20/2006  16:01:37
12/14/2006    Event Resulted - Release Status: PR, DEF.
HELD ON OTHER MATTERS, NOT BROUGHT FROM
JAIL, CASE RESCHEDULED, COME UP TO ISSUE
The following event: Status Hearing
scheduled for 12/14/2006 at 9:30 am has
been resulted as follows:

Result: Not Held
Judge: ISCOE, CRAIG    Location: Courtroom
221

```
12/14/2006        Event Scheduled
                  Event: Status Hearing
                  Date: 12/20/2006    Time: 9:30 am
                  Judge: ISCOE, CRAIG    Location: Courtroom
                  221

                  Result: Held
12/14/2006        Prisoner Transfer Request

                  Prisoner Transfer Request
                  Sent on:  12/14/2006  11:02:39
12/12/2006        Event Resulted - Release Status: PR; DEF.
                  HELD ON ANOTHER MATTER; COME UP TO ISSUE;
                  CASE CONTINUED FOR FURTHER STATUS
                  The following event: Status Hearing
                  scheduled for 12/12/2006 at 9:30 am has
                  been resulted as follows:

                  Result: Held
                  Judge: ISCOE, CRAIG    Location: Courtroom
                  221
12/12/2006        Prisoner Transfer Request

                  Prisoner Transfer Request
                  Sent on:  12/12/2006  15:28:24
12/12/2006        Event Scheduled
                  Event: Status Hearing
                  Date: 12/14/2006    Time: 9:30 am
                  Judge: ISCOE, CRAIG    Location: Courtroom
                  221

                  Result: Not Held
12/12/2006        Form Generated:

                  Prisoner Return
                  Sent on:  12/12/2006  15:27:34
12/8/2006         Event Resulted - Release Status: pr; held
                  on another matter; come up to issue
                  The following event: Felony Arraignment
                  scheduled for 12/08/2006 at 9:30 am has
                  been resulted as follows:

                  Result: Defn Arraigned Pled Not Guilty Jury
                  Demand Made
                  Judge: ISCOE, CRAIG    Location: Courtroom
                  221
12/8/2006         Event Scheduled
                  Event: Status Hearing
                  Date: 12/12/2006    Time: 9:30 am
                  Judge: ISCOE, CRAIG    Location: Courtroom
                  221
                  REV. BY PMJ ON 12-11-06  (NO
                  JACKET/MISSING-PRISONER RETURN AND COME-UP
                  SUBMITTED TO Q.A.)
                  KENNETH WILLIAMS (Defendant (Criminal)); Mr
                  HAROLD B PEEK (Attorney) on behalf of
                  KENNETH WILLIAMS (Defendant (Criminal))
                  Judge CRAIG ISCOE

                  Result: Held
12/8/2006         Prisoner Transfer Request

                  Prisoner Transfer Request
                  Sent on:  12/08/2006  11:58:50
12/8/2006         Form Generated:

                  Prisoner Return
                  Sent on:  12/08/2006  11:58:15
12/8/2006         Alert Changed
                  *Failure to Appear issued on 12/04/2006
                  For: WILLIAMS, KENNETH was changed on
                  12/08/2006  11:55:35 by ROYALS
12/8/2006         Alert Changed
                  *Failure to Appear issued on 04/28/2006
                  For: WILLIAMS, KENNETH was changed on
                  12/08/2006  11:55:04 by ROYALS
12/7/2006         Bench Warrant and Routing Slip Forwarded to
```

U.S. Marshal's office. EDC.

| | |
|---|---|
| 12/4/2006 | Prisoner Transfer Request |
| | |
| 12/4/2006 | Prisoner Transfer Request<br>Sent on: 12/04/2006 10:49:02<br>Form Generated: |
| | |
| 12/4/2006 | Felony Bench Warrant<br>Sent on: 12/04/2006 10:42:08<br>Event Resulted - Release Status: PR.<br>Defendant held on other charges and not<br>brought up today. New date set for<br>arraignment. BW issued to act as a<br>detainer. Come-up to issue. The jacket<br>was not in court today.<br>The following event: Felony Arraignment<br>scheduled for 12/04/2006 at 9:30 am has<br>been resulted as follows:<br><br>Result: Not Held<br>Judge: ISCOE, CRAIG   Location: Courtroom<br>221 |
| 12/4/2006 | Event Scheduled<br>Event: Felony Arraignment<br>Date: 12/08/2006   Time: 9:30 am<br>Judge: ISCOE, CRAIG   Location: Courtroom<br>221<br><br>Result: Defn Arraigned Pled Not Guilty Jury<br>Demand Made |
| 12/4/2006 | Alert Issued<br>*Failure to Appear issued on: 12/04/2006<br>For: WILLIAMS, KENNETH<br>Bond Amt: $10,000 Cash<br>Alert Conditions(s): |
| | |
| 11/14/2006 | Motion to Dismiss Filed: Indictments<br>Attorney: PRO SE (999999) |
| | |
| 10/5/2006 | Event Scheduled<br>Event: Felony Arraignment<br>Date: 12/04/2006   Time: 9:30 am<br>Judge: ISCOE, CRAIG   Location: Courtroom<br>221<br><br>Result: Not Held |
| 5/23/2006 | Executed Bench Warrant/ Routing Slip Filed |
| | |
| 4/29/2006 | BENCH WARRANT FORWARDED TO USMS FOR<br>SERVICE.  / WARRANT OFFICE-AEM<br>*Failure to Appear issued on 04/28/2006<br>For: WILLIAMS, KENNETH was changed on<br>04/29/2006 12:11:00 by MCLAURINA |
| 4/28/2006 | Defendant Failed to Appear; BWI/NB at 9:49<br>am as detainer; according to h. peek, def.<br>was shipped to Mont. Co. but jail has no<br>record of any def. by that name.<br>The following event: Felony Arraignment<br>scheduled for 04/28/2006 at 9:30 am has<br>been resulted as follows:<br><br>Result: Defendant Failed to Appear<br>Judge: ISCOE, CRAIG   Location: Courtroom<br>221<br>Charge #1: UTTERING |
| 4/28/2006 | Form Generated:<br><br>Felony Bench Warrant<br>Sent on: 04/28/2006 14:34:08 |
| 4/28/2006 | Alert Issued<br>*Failure to Appear issued on: 04/28/2006<br>For: WILLIAMS, KENNETH<br>Bond Amt: NO BOND<br>Alert Conditions(s): |

```
4/25/2006          Event Resulted; def. not brought from jail;
                   def. remains on pr; come up to issue; def. remains
                   on pr in  is case.
                   The following event: Felony Arraignment
                   scheduled for 04/25/2006 at 9:30 am has
                   been resulted as follows:

                   Result: Not Held
                   Judge: ISCOE, CRAIG    Location: Courtroom
                   221
4/25/2006          Event Scheduled
                   Event: Felony Arraignment
                   Date: 04/28/2006    Time: 9:30 am
                   Judge: ISCOE, CRAIG    Location: Courtroom
                   221

                   Result: Defendant Failed to Appear
4/19/2006          Event Resulted; def. not brought from jail;
                   come up to issue; def. remains on pr in
                   this case
                   The following event: Arraignment scheduled
                   for 04/19/2006 at 9:30 am has been resulted
                   as follows:

                   Result: Not Held
4/19/2006          Event Scheduled
                   Event: Felony Arraignment
                   Date: 04/25/2006    Time: 9:30 am
                   Judge: ISCOE, CRAIG    Location: Courtroom
                   221

                   Result: Not Held
4/12/2006          Event Resulted; bench warrant quashed; def
                   released on pr; counsel notified of cont'd
                   date; r. williamson stood-in.
                   The following event: Bench Warrant Return
                   Hearing scheduled for 04/12/2006 at 11:30
                   am has been resulted as follows:

                   Result: Held
4/12/2006          Form Generated:

                   Release Order - Jail
                   Sent on:  04/12/2006  13:23:04
4/12/2006          Form Generated:

                   Notice to Return to Court
                   Sent on:  04/12/2006  13:21:45
4/12/2006          Event Scheduled
                   Event: Arraignment
                   Date: 04/19/2006    Time: 9:30 am
                   Judge: ISCOE, CRAIG    Location: Courtroom
                   221

                   Result: Not Held
4/12/2006          Event Scheduled
                   Event: Bench Warrant Return Hearing
                   Date: 04/12/2006    Time: 11:30 am
                   Judge: ISCOE, CRAIG    Location: Courtroom
                   221

                   Result: Held
4/12/2006          Alert Served
                   USL #8. BENCH WARRANT CLEARED FROM WALES.
                   AEM-WARR OFFICE
                   *Failure to Appear served on: 04/12/2006
                   For: WILLIAMS, KENNETH
1/20/2006          Defendant Failed to Appear
                   The following event: Arraignment scheduled
                   for 01/20/2006 at 9:00 am has been resulted
                   as follows:

                   Result: Defendant Failed to Appear

                   BWI/FTA AT 10:50 AM 5000.00 CASH BOND
                   Charge #1: UTTERING
1/20/2006          Form Generated:
```

```
                    Felony Br   Warrant
                    Sent on:   1/20/2006  12:16:26
1/20/2006           Alert Issued: FORW TO USMS. WO-AEM
                    *Failure to Appear issued on: 01/20/2006
                    For: WILLIAMS, KENNETH
                    Bond Amt:
                    Alert Conditions(s):


1/20/2006           Bench Warrant Issued
                    *Failure to Appear created on: 01/20/2006
                    For:  WILLIAMS, KENNETH
1/3/2006            JUDGE:                    ,
                    DEFENSE ATTY: PEEK                    ,
                    HAROLD B
                    GRAND JURY:   1
                    BOND STATUS: PERSONAL RECOGNIZANCE
                                       BOND CASH PCT:
                    BOND ACTION CODE:
                    COMMENT: GRAND JURY ACTION CODE CHANGED
7/26/2005           JUDGE: MOTLEY            , THOMAS
                    DEFENSE ATTY: PEEK                    ,
                    HAROLD B
                    DISPOSED:  1
                    BOND STATUS: PERSONAL RECOGNIZANCE
                                       BOND CASH PCT:
                    BOND ACTION CODE:
7/4/2005            JUDGE: CRT-201           ,
                    DEFENSE ATTY: PEEK                    ,
                    HAROLD B
                    CONTINUED:  1

                            CONT. DATE: 07-26-2005   FOR:
                    PRELIMINARY HEARING
                    BOND STATUS: PERSONAL RECOGNIZANCE
                                       BOND CASH PCT:
                    BOND ACTION CODE:
```

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                                    *
**KENNETH WILLIAMS,**                 *
                                                    *
      **Petitioner**              *
                                                    *
                                                    *    **Civil Action No. 07-0702**
                                                    *
**WARDEN, CENTRAL DETENTION**    *
**FACILITY,**                                  *
                                                    *
    **Respondent**            *
                                                    *
_____    *

## ORDER

    Upon consideration of petitioner's petition for a writ of habeas corpus filed <u>pro se</u> on April 17, 2007, and the United States' motion to dismiss, filed on May 21, 2007, and the entire record herein, it is hereby ORDERED this ___ day of _____, 2007,  that the United States' motion to dismiss should be and hereby is GRANTED.

    And its is further ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust remedies in the District of Columbia court system.

                              _____
                             United States District Judge

<u>copies to</u>:

AUSA Thomas Rees
United States Attorney's Office
555 - 4th Street, N.W.
Special Proceeding Division -10[th] Floor
Washington, D.C. 20530

Mr. Kenneth Williams
#305 762
Central Detention Facility
1901 "D" Street, S.E.
Washington, D.C. 20032

Attorney General of the District of Columbia
1350 Pennsylvania Avenue, N.W.
Ste. 407
Washington, D.C. 20001