(1)

# United States District Court District of Columbia

**RECEIVED**
JUL 0 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Mr. Kenneth Williams, petitioner

v.

Warden, C.D.F. et. al., Respondents

Civil No-1:07-cv-702 (RMU)

## Petitioner Kenneth Williams Response to the Courts order to Respond to the United States of America Motion to Dismiss

The petitioner Kenneth Williams hereby Files his Response to the Courts June 11, 2007 order to Respond to the United States of America Motion to Dismiss. The petitioner hereby Files his opposition to the United States of America Motion to Dismiss, and says:

### Preliminary Statement

The petitioner Denys each and every allegation set forth in the Respondents motion to Dismiss the petitioners petition For Writ of Habeas Corpus, the petitioner Filed his petition on april 17, 2007 and seeks his immediate Release From his present Detention at the Central Dentention Facility 1901 D Street, S.E. Washington, D.C. For the Respondents Failure to act on and their violation of the Interstate Agreement on Detainers (D.C. Code 24-701) and his Constitutionally protected liberties of the 1st, 4th, 5th, 6th, 8th, and 14th amendments of the United States Constitution. The Respondents show cause Response Filed May 15, 2007 and their Motion to dismiss petitioners petition Filed May 21, 2007 are both Filed late in Violation of the Courts order given april 23, 2007 to Respond Within 20 days, their Motion Therefore is moot, and should be dismissed as moot because they Failed to Comply with the Courts order to show cause Within 20 days. Their Response was due on or before May 14, 2007 the Fact that their Response show cause is late both times Can be directly attributed to the difficulty they had in trying to explain my presence here, The Respondents have broken the law D.C. Code 24-701 and they continue to lie about the truth, their First show cause Filed May 15, 2007 (late) in Violation of the Courts order issued april 23, 2007 stated affirmatively



that I Was Just brought to the D.C. Jail on January 18, 2007 a deliberate lie to the court. When their second showcause (motion to dismiss) Filed late on may 21, 2007 says that I Was Just Committed to the D.C. Jail on July 2, 2005 We now begin to see the Fraud in their story by this obvious cross up in their explanation of how I got here. Furthermore the Respondents 1st showcause Filed may 15, 2007 states in their exhibit #1 that the petitioner Was charged With armed burglary but then in their exhibit #3 april 24, 2007 they change the charge to 1st degree theft, Knowing use of untrue, or perjured testimony and evidence, sufficiently charge a deprivation of Rights guaranteed by the Federal Constitution. And if this is proven (as is here) Would entitle the petitioner to Release From his present custody (U.S. V. Williams 504 U.S. (1992) The petitioner has already Revealed two deliberate untruths used to have me committed and brought here in violation (prejudice) of his constitutionally protected liberty interest (4th amendment) from unreasonable seizure of his person. The Fact that these two deliberate untruths used to detain the petitioner violate a constitutionally protected liberty interest of the petitioner (Fourth) have already been proven to be true by the Respondents own admission (two different dates) stated in which I Was First brought here, and the change on the commitment paper (after executed) From armed burglary to theft in violation of his (5th) amendment liberty interest to due process of the law. (Just charge and dismiss as you please, No hearing) United States V. Williams 504 U.S. 1992) Would entitle petitioner to Release For such a due process violation From his present custody the Respondents state in their second showcause (motion to dismiss Filed may 21, 2007 8 days late in violation of the courts order april 23, 2007) that I Was Released on personal Recognizance on april 12, 2006 but the Fact of the matter is that on april 13, 2006 I Was turned over to the state of maryland on a bench Warrant case # 89864 and Was Never Released as they claim From custody but Released into custody that they Knew about. The Fact that this is conveniently omitted From the entire Record is no mistake, that Was prepared by the government, Respondents a deliberate deception by the court and prosecution that if proven to be true Would also entitle the petitioner to immediate Release of his present detention (Mooney V. Holohan 294 U.S. 103, 112 (1935) due process prohibits deliberate deception by prosecution government Attorneys (pattern of deception is



Established). All Result/Held activity in their entire Record is Falsely generated From the point I was turned over to the Montgomery County Officials on april 13, 2006 until I was brought back to D.C. on 11/28/06* (omitted) From their entire Record so it seems that their entire Record does not match their exhibits (B)(Attachment) and is nothing more than a scheme used to try to deny the petitioner the benefits of the law of the I.A.D. (D.C. Code 24-701) and (Md annotated code 6l60) see their second showcause Filed May 21, 2007 Attachment (B) this deception as is shown is cleverly hidden in their entire Record to make it appear that I had Failed to appear, but the Fact is I was Never there From 4/13/06 to 11/28/06* this (date) is the date I was brought From the D.O.C. of Maryland (but it is not listed in the (Result/Held) entire Record activity) thats because they Knew where I was (see petitioners exhibit #6 and #5 incident Report) that clears up once and For all the deliberate lie by Respondents in their entire Record april 28, 2006 when they state they have no idea where I was (Bench Warrant issued as detainer on 4/28/06 and 12/4/06 invokes rules of the I.A.D.), The use of untrue and perjured testimony and evidence, sufficiently charge a deprivation of Rights guaranteed by the Federal constitution and if this is proven (as is here) would entitle the petitioner to immediate Release From his present detention (united states v. Williams 504 u.s. (1992) the petitioners probation was violated and he was sentenced to more than one year in the Department of corrections of Maryland, While at the M.R.D.C.C. of Maryland 550 East Madison st. Baltimore Md, I Filed (with the help of my counselor) For Final disposition of all interstate detainers under the I.A.D. and sent copies to all Jurisdictions where detainers were pending P.G. County and the District of Columbia included 1 copy to U.S. Attorney, a copy to Superior Court, and one copy to Harold Peek Attorney. I was told by my counselor Mr. Sharper that detainers were pending in these Jurisdictions and under the I.A.D. they have 180 days in which to bring me to trial or the charges are dismissed with prejudice additionally I was informed that once there, they have 120 days to complete trial or the charges are dismissed with prejudice. Within two months Prince Georges County court wrote me and told me that all pending charges (detainers) had been dismissed and I had heard nothing From D.C. the other Jurisdiction where I knew (by my counselor confirming) a detainer was pending. Request For Final disposition I.A.D. Filed on 6/26/06 and July 7, 14, 2006.

## ARGUMENT                                                                                                  ①

The petitioners Petition for Writ of Habeas Corpus should issue because the Respondents have failed to act on all Requests for Final disposition under the Interstate Agreement on Detainers 24-701 Filed to their office 555 4th St. N.W. Washington, D.C. and the Superior Court District of Columbia 500 Indiana Ave. N.W. Washington, D.C. He has been brought into the Jurisdiction of the District of Columbia illegally and unconstitutionally and is now being illegally and unconstitutionally incarcerated and Confined at the Central Detention Facility 1901 D street, S.E. Washington, D.C. in violation of the Interstate Agreement on Detainers 24-701 and the 180 day period has expired in which the Respondents had to bring the petitioner to trial. Additionally the 120 day period has expired in which after petitioner was brought here that trial should have been had the petitioner states claims in his petition of violations of these constitutionally protected liberties of the 1st, 4th, 5th, 6th, 8th and 14th amendments of the U.S. Constitution as well as violation of his speedy trial, due process, and prosecutorial misconduct Rights. As to the exhaustion of Remedys, subject matter Juris- -diction of the petitioners petition 2241 Writ of habeas corpus which involves Custody under Color of Federal Authority and interstate extradiction lies in the Federal District Court where the petitioner is incarcerated or in the Federal District Court where petitioners Custodian is located (Braden V. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-89 (1973). The Writ was used in the Federal Court even before a statue was extended to state prisoners in 1867 by one in state custody under an extradiction demand and the view of the Supreme Court is that extradiction falls under section 2241 and that the exhaustion Requirement as codified in section 2254 is not applicable because extradiction illegally and unconstitutionally executed is essentially an Interstate matter more properly handled by the Federal District Court (Braden V. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-89 (1973) and considerations of Federalism do not call for either an exhaustion Requirement or abstention doctrine. The petitioner Notes Congress does not bar petitioning for Federal habeas Relief by D.C. Detainees in the District of Columbia, at all but since the Detention complained of

②

arises out of process issued by a Federal Judicial Forum the prisoner likewise has Recourse to Federal Jurisdiction challenging legality of confinement because D.C. is not a state this is a well established fact. Counsel cannot possible know what congress would have intended for the district in cases not involving state courts as he assumes simply because this issue of whether D.C. should be treated as a state is still being debated today and there has been no showing that congress bars Federal habeas Relief by pre-trial detainees like the petitioner for detention that arises out of process issued by a Federal Judicial forum. Petitioners motions to superior court officials to dismiss for violations of speedy trial, due process, I.A.D., prosecutorial misconduct have all been denied by Judge isco Furthermore the petition deals with illegal and unconstitutional incarceration petitioner is a pre-trial Detainee and he does not expect Judge isco to suddenly Reverse himself simply because I file more motions, the Judge has made it clear he is not going to dismiss this case, he signed the writ to bring me here, Respondent Counsel seems to think that (erronedusly) I must sit back and wait until inJustice Runs its course. The petitioner has been prejudiced by the Respondents violation of the I.A.D. against him of his liberty interest to petition the government in Vio- -lation of his 1st amendment by virtue of their not co-operating with other agencys in Violation of D.C. Code 24-703 thereby breaking the law in having me brought here, The petitioner has been prejudiced by the Respondents Violation of the I.A.D. 24-703 against him of his liberty interest to be free from Seizure of his person and unquestioned Right to travel in violation of the 4th amendment, The petitioner has been prejudiced by the Respondents Violation of the I.A.D. against him of his liberty interest of the process of law that is due him in violation of the 5th amendment and his liberty interest to be free of double Jeopardy by virtue of the Respondents not co-operating with officials at M.R.D.C.C. in violation of D.C. Code 24-703 thereby breaking the law in having me brought here. The petitioner has been prejudiced by the Respondents violation of the I.A.D. against him of his liberty interest to his right to a speedy trial in violation of the 6th amendment by virtue of the Respondents Not Co- -operating with md officials at M.R.D.C.C. thereby breaking the law in having me brought

③

here D.C. Code 24-703, The petitioner has been Prejudiced by the Respondents violation of the I.A.D. against him of his liberty interest to be free from cruel and unusual punishment in violation of the 8th amendment by virtue of the Respondents Not co-operating with Maryland officials at M.R.D.C.C. in violation of (Md Code 1957, art. 27 616(a) to 616(s)) and (D.C. Code 1981 24-701 to 24-705) thereby breaking the law in having me brought here to D.C. The petitioner has been Prejudiced by the Respondents violation of the I.A.D. against him of his liberty interest of due process of law of the 14th amendment due process clause prohibitions against deprivations of liberty without due process of law from physical Restraint, Malicious, Prosecution and Freedom from all Substantial, and arbitrary impositions by virtue of the Respondents not co-operating with Md officials at M.R.D.C.C. in violation of (Md Code 1957, art. 27 616a to 616s) and (D.C. Code 1981 24-701 to 24-705) thereby breaking the law in having petitioner brought here to D.C. Where he is now being illegally and unconstitutionally held and incarcerated at the D.C. Jail. The petitioner is still being Prejudiced by the Respondents in their delay in bringing him to trial without justifying the delay between arrest and trial this substantial delay was created deliberately which is the burden of the government to justify 22 months spent trying to convince the petitioner to accept a plea-offer and No attempt was made at advancing to trial (Graves v. U.S. 490 A.2d 1086, 1091 (D.C. 1984). The Petitioner has been Prejudiced as set forth in (Barker v. Wingo 407 U.S. 514, 530 (1972) ① length of delay 22 months on uncomplicated offense ② Anxiety experienced because of delay, in him and his Family, Attorney has withdrawn from the case ③ Reasons for delay government attorneys continue to seek a plea offer after petitioner has rejected all attempts by them, to accept their offer ④ psychological effect, Petitioner was held in saint Es for 1 month for being unco-operative in the plea-bargain process while maintaining his innocence. These four factors of prejudice as set forth in Barker can be directly attributed to the violations of the I.A.D. by the Respondents against the petitioner in denying him his liberty interest in Freedom from seizure 4th amendment, denying him liberty interest in due process of law 5th amendment, denying him liberty interest in his 6th amendment Right to speedy trial denying him his liberty interest in the 14th

④

amendment due process clause prohibition against deprivations of liberty Without due process of law From physical Restraint, malicious prosecution and Freedom From all substantial and arbitrary impositions, all directly attributable to the Respondents Failure to obey the law of the I.A.D. (D.C. Code 24-701 and 24-703) and (Md code 6l6a to 6l6s) by trying to defeat the purpose the I.A.D. was enacted into law For, The Respondents have Violated the law of the I.A.D. 24-703 - - Enforcement and co-operation - Which states all courts departments agencies, officers, and employees of the united states and of the District of Columbia are hereby directed to enforce the agreement on Detainers and to co-operate with one another and with all party states in enforcing the agreement and effectuating its purpose. The Fact that detainers were issued For the petitioner throughout his imprisonment in Maryland invokes the protections of the I.A.D. (Tucker V. U.S. 569 A.2d 162 (1990) and the petitioner had a right to a trial within 120 days because the Respondents sent detainers for pending charges to Maryland officials while petitioner was incarcerated there pursuant to the I.A.D. (Felix V. U.S. 508 A2d 101 (1986). Detainers that were issued while petitioner was still serving sentence and invokes the protections of the I.A.D. were issued on 4/28/06 - 5/29/06 - 8/13/06 - 10/12/06 and 12/4/06 the bench warrant and detainer issued in their entire Record (when Jacket was not in court) on 12/4/06 invokes the protection of the I.A.D. because petitioner was still serving sentence and not yet brought to court and was and is entitled to be brought to trial within 180 days and entitled to trial to be had in 120 days I.A.D. Article III(a) IV(c) and V(c). Petitioner was brought here for prosecution and has been sentenced to 30 days 1/19/07 Further sentence is Double Jeopardy.

    Wherefore the petitioner prays the Honorable Court to grant his petition for writ of habeas Corpus to issue.

Kenneth Williams
petitioner  6/27/07

(p.s.) petitioner Rejects Counsels Request For a second or third opportunity to explain because this is why showcause was ordered.

## Certificate of Service

I hereby certify that on this 27th day of June, 2007 a copy of this Response, to the Court order, to Respond to the United States of America Motion to Dismiss was mailed postage pre-paid to:

| | |
|---|---|
| Clerk, U.S. District Court<br>333 Constitution Avenue, N.W.<br>Washington, D.C. 20001 | Thomas Rees<br>United States Attorneys Office<br>555-4th Street, N.W.<br>Washington, D.C. 20530 |

Kenneth Williams
Petitioner 6/27/07

## Dear Clerk

I am an inmate incarcerated at the D.C. Jail and I have very limited supplies. Even this paper the lines have been drawn on by me because I am not allowed to buy pen or paper. Please send a copy of this Response to the U.S. Attorneys Office Above, because the Judge has said he will rule on their motion this may not be required.

Thank you
Kenneth Williams
6/27/07

# United States District Court District of Columbia

Mr. Kenneth Williams,
       Petitioner
           v.                                                Civil No-1:07-cv-702(RMU)
Warden, C.D.F. et. al.,
       Respondents

## ORDER

Upon Consideration of the petitioners Petition For Writ of Habeas Corpus, Petitioners Response thereto, and the Record herein it is by the Court this ____ day of ____ 2007

ORDERED: That the petitioners Petition For Writ of Habeas Corpus shall be and the same is hereby GRANTED; and it is,

FURTHER ORDERED: That the Respondents United States of America Motion to Dismiss is hereby Dismissed and Denied.

                                                      _____
                                                      United States District Judge

Exhibit # 6

#6 to Judge
Joint #734 Lost to Judge

# Metropolitan Police Department — Incident-Based Event Report — Washington, D.C.

## PART I - CLASSIFICATION OF EVENT

**1. TYPE OF REPORT:** ● Offense  ○ Incident

**2. DATE AND TIME OF EVENT:**
- Start Date: 02/05  Start Time: 19:28
- End Date: 02/05  End Time: 19:45

**3. DATE OF REPORT:** 02/05
**4. TIME OF REPORT:** 20:40
**5. DISTRICT:** 3
**6. SECTOR:** [blank]
**7. BEAT:** 308
**8. COMPLAINT NUMBER:** 087144

**9. EVENT LOCATION ADDRESS:** 446 Rhode Island Ave NW — ● Inside of

**10. REPORT RECEIVED BY:** ● Radio run

**11. IS RADIO RUN LOCATION AND EVENT LOCATION THE SAME?** ● Yes

**12. PROPERTY TYPE:** ● Private

**13. EVENT NO. 1:** Uttering
**14. EVENT NO. 2:** Fugitive From Justice

**16. FORCED ENTRY:** ● No

**19. WEATHER CONDITIONS:** ● Not applicable

**20. SUSPECTED HATE CRIME?:** ● None

**21. SECURITY SYSTEM:** ● Alarm/Silent

**22. LOCATION TYPE:** ● Liquor store

**23. DESIGNATED AREAS:** ● Not applicable

## PART II - VICTIM INFORMATION

**24. NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1:** Guilford Liquors
**25. RELATED TO EVENT NO(S):** 1
**26. VICTIM TYPE:** ● Business
**27. DATE OF BIRTH:** ● NA
**28. AGE RANGE:** Over 65? (marked)
**29. SEX:** N/Female (marked)
**30. HOME PHONE:** ( ) N/A
**31. BUSINESS PHONE:** [redacted]
**32. RACE/ETHNICITY:** [none marked]
**33. HOME ADDRESS:** ● Non-DC Resident — N/A
**34. BUSINESS ADDRESS/SCHOOL:** [redacted]
**35. OCCUPATION:** [redacted]
**36. IS EVENT RELATED TO OCCUPATION?:** ● Yes

**38. NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1:** Sheriff R. Kight - Montgomery Co., MD
**39. RELATED TO EVENT NO(S):** 2
**40. VICTIM TYPE:** ● Police officer
**41. DATE OF BIRTH:** ● Unknown
**42. AGE RANGE:** Over 65 (marked)
**43. SEX:** Male
**44. HOME PHONE:** ( ) N/A
**45. BUSINESS PHONE:** [redacted]
**46. RACE/ETHNICITY:** [none marked]
**47. HOME ADDRESS:** N/A
**48. BUSINESS ADDRESS/SCHOOL:** [redacted]
**49. OCCUPATION:** [redacted]
**50. IS EVENT RELATED TO OCCUPATION?:** ● Yes

**52. STATUS:** Closed by arrest
**53. REVIEWER:** [blank]
**54. DISTRIBUTION:** [blank]

(Exhibit #5) Attached

## PART V - MISSING PERSONS

| 64 PROBABLE CAUSE OF ABSENCE AND DESTINATION | | | 65 COMPLAINT NUMBER: 087144 |
|---|---|---|---|
| 66 IF MISSING PERSON HAS RUN AWAY BEFORE, GIVE DATE AND WHERE LOCATED: N/A | 67 CLASSIFICATION: Critical / Non-critical | 68 CLASSIFIED BY: | |
| 69 PHYSICAL/MENTAL CONDITION (i.e., diabetic) | 70 DESCRIBE ARTICLES OF JEWELRY WORN AND IDENTIFICATION CARRIED | 71 NAME OF PARENT/GUARDIAN | |
| 72 ADDRESS OF PARENT/GUARDIAN | 73 IF JUVENILE, ENTER MOTHER'S MAIDEN NAME | 74 MISSING PERSON SECTION NOTIFIED (Name) | |

### 75 NARRATIVE

R1 REPORTS S1 ENTERED THE LISTED LOCATION AND ATTEMPTED TO CASH A CHECK WHICH APPEARED TO BE A PHOTO COPY. R1 STATES S1 CASHED CHECKS ON TWO PREVIOUS OCCASIONS UNDER A FICTICIOUS NAME. R1 ALSO STATES THE PREVIOUS CHECKS WERE RETURNED AS UNPAID OR CLOSED ACCOUNT.

DURING THE INVESTIGATION, IT WAS ALSO LEARNED S1 IS WANTED FOR "FAILURE TO APPEAR" IN AN UTTERING CASE IN MARYLAND. THE WARRANT (OCA# 89864) IS HELD BY SHERIFF KIGHT, OFFICE OF THE SHERIFF, MONTGOMERY CO., MD.

THE CASE IS CLOSED WITH ONE ARREST FOR 3 COUNTS OF UTTERING AND FUGITIVE FROM JUSTICE.

| 76 EVIDENCE TECHNICIAN/CSES # | 77 NAME OF INVESTIGATOR NOTIFIED: 3D24 Green | 78 TELETYPE NOTIFIED (Name) | 79 TELETYPE # |
|---|---|---|---|
| 80 REPORTING OFFICER'S SIGNATURE: M. Ursiny | 81 OTHER POLICE AGENCY: USCP / USSS / METRO TRANSIT / OTHER | 82 SECOND OFFICER'S NAME: Carroll, J. | 83 SIGNATURE OF SUPERVISOR |

Element: 3D