
P1.

United States District Court District of Columbia

Kenneth Williams

v.

Warden, C.D.F. et. al,

(RMU)

**RECEIVED**  Case No-1:07-cv-702

JUL 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Reply/Response Motion to Dismiss United States of Americas, Motion to Dismiss Petitioners Petition For Writ of Habeas Corpus, And motion for petitioner's petition for Writ of Habeas Corpus to issue

The petitioner Kenneth Williams hereby Makes his Response to the United States of Americas motion to Dismiss, and Makes his motion to the Honorable Court for petitioners petition for Writ of habeas Corpus to issue.

(1) The petitioner Denies each and every allegation set forth in the Respondents motion to Dismiss petitioners petition for Writ of Habeas Corpus.

(2) The Respondents have broken the law of the Interstate Agreement on Detainers D.C. Procedure Code (24-701)(24-703) and Now seek to use more deception to Avoid the truth about the illegal transfer.

(3) All Result/held activity in their entire Record (motion to dismiss) Filed may 31, 2007 state that I was Released on personal Recognizance on April 12, 2006 but the fact is I was turned over to the state of Maryland on April 13, 2006 on a bench warrant they knew about case # 89864.

(4) The entire Record is Falsely continued to be generated from the point I was turned over to montgomery County on April 13, 2006 until I was brought back to D.C. this deception (date 11/28/06) is omitted as shown, and is cleverly hidden in their entire Record.

(5) Petitioners probation was violated while in maryland and he filed with his Counselor for Final disposition of all interstate detainers (I.A.D. 24-701) D.C. Detainer F-3739-05.

6) The Respondents keep Relying on Deception, their First Show cause Filed May 15, 2007 stated I was brought to the D.C. Jail on January 18, 2007 a deliberate deception to the Court, when their second showcause (motion to dismiss) Filed May 31, 2007 (Which is not a showcause but a motion to dismiss) states that I was Just commited to the D.C. Jail on July 2, 2005.

7) Furthermore Respondents 1st showcause Filed May 15, 2007 states in their exhibit #1 that the petitioner's charge was armed burglary in their exhibit #3 they change the charge after I had been commited.

8) Knowing use of perjured, untrue testimony and evidence charge a deprivation of Rights guaranteed by the Federal Constitution and if proven (as is throughout their entire Record) would entitle petitioner to Release From his present custody (U.S. Vi Williams, 504 U.S. (1992).

9) petitioners liberty interests to the U.S. Constitution have been prejudiced by the Respondents Violation of the I.A.D. 24-701 and 24-703 against him his 1st amendment liberty interest to petition the government, his 4th amendment liberty interest to be Free From seizure and unquestioned Right to travel his 5th amendment liberty interest of the process of law that is due him his 6th amendment liberty interest Right to speedy trial his eighth amendment liberty interest Right against excessive bail his 14th amendment liberty Right of the due process clause prohibition against deprivations of liberty without due process of law from physical Restraint, malicious prosecution and Freedom from all substantial, arbitrary impositions.

10) The Violation of the I.A.D. against me by the Respondents has a direct impact and prejudice on a wide Range of identified constitutionally protected liberty interests (disruption of Family Life, anxiety in petitioner and his Family his right to make basic decisions about the Future, Freedom of Association and movement) that is sufficient to qualify as a deprivation of liberty meriting Constitutional protection.

(11) The petitioner has been prejudiced as set forth in (Barker v. Wingo 407 U.S. 514, 530 (1972) (1) length of delay 25 months on uncomplicated offense (2) Anxiety in him and his Family (3) Reasons for delay prosecutorial misconduct trying to defeat the purpose of the I.A.D. (4) Assertion of his Right petitioner has filed speedy trial motions that have been denied for 25 months and has asserted his speedy trial Right early and often throughout.

(12) The exhaustion Requirement as codified in section 2254 is not required and is inapplicable in a section 2241(c)(1) which involves custody under color of Federal authority and therefore section 2254 which requires exhaustion of state Remedys by those in state custody is inapplicable and Jurisdiction lies in the Federal district court where the prisoner is incarcerated (Braden v. 30th Judicial circuit court of Kentucky 410 U.S. 484, 488-89 (1973) Considerations of Federalism do not call for either an exhaustion Requirement or abstention doctrine in the area of extradition and inter-state matters.

(13) The Respondents have tried to defeat the purpose of the Interstate Agreement on Detainers by filing a writ to have me brought here in doing so they have broken the law D.C. procedure Code 24-701, 24-703 (enforcement and co-operation) All courts, departments, agencies, officers and employees of the united states and of the district of columbia are hereby directed to enforce the agreement on detainers and to co-operate with one another and with all party states in enforcing the Agreement and effectuating its purpose, The protections of the I.A.D. were invoked by petitioner when he requested final disposition of D.C. Case F-3739-05 to the U.S. Attorney and the Superior court they Refused co-operation but continued to file detainers further invoking the I.A.D. (M.R.D.CC. and E.C.I. Maryland D.o.C) with Maryland officials this was confirmed by my counselor at M.R.D.C.C. and at E.C.I.

P4

(14) The petitioner having invoked the protections of the I.A.D. D.C. procedure Code 24-701 to 24-705 by virtue of filing his Request for final disposition to D.C. officials and by them filing detainers to both institutions in Maryland, was and is, entitled to be brought to trial within 180 days article III(a) and entitled to trial to be commenced in 120 days of his arrival article IV(c) and entitled to dismissal if not brought to trial within the period provided in article III and IV, The Indictment or detainer shall cease to be of any force or effect Article V(c).

Wherefore the petitioner prays the Honorable Court to grant his petition for Writ of Habeas Corpus to issue.

Kenneth Williams
petitioner 7/10/07

Certificate of Service

I hereby certify that on this 10th day of July, 2007 a copy of this Reply/Response to United States of America motion to Dismiss was mailed postage pre paid to:

Clerk, U.S. District Court
333 Constitution Ave. N.W.
Washington, D.C. 20001

Attorney General District of Columbia
1350 Pennsylvania Ave. N.W.
Ste. 407
Washington, D.C. 20001

Jeffery A. Taylor U.S.A. D.C. bar# 498-610
Thomas S. Rees A.U.S.A. D.C. bar# 358-962
555 4th Street, N.W. (10th Floor)
Washington, D.C. 20530

Kenneth Williams
petitioner 7/10/07

"Note" All previous pleadings Reply/Response mailed to Thomas S. Rees was mailed to the care of U.S.A. Jeffery A. Taylor The same entity.