United States District Court District of Columbia

Mr. Kenneth Williams
       petitioner
v.
Warden, C.D.F. et al
       Respondent

RECEIVED
AUG 10 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(R.M.U)
Case No- 07-0702

## Motion For Hearing on petitioners petition For Writ of Habeas Corpus

The petitioner Kenneth Williams Hereby makes his motion to the Honorable Court to have a hearing on his petition For Writ of Habeas Corpus and says:

1) The petitioner was transported illegally and unconstitutionally in Violation of the Interstate Agreement on Detainers D.C. procedure Code 24-701-703 without due process of law.

2) The illegal seizure Violated the petitioners liberty interest of the 4th amendment against illegal seizure without due process or a hearing of any kind because the transfer took place at 12 o'clock midnight November 28, 2006.

3) Any punishment, conviction or trial would deprive the petitioner of his 5th and 14th amendment liberty interest without due process of law.

4) There is an absence of available corrective process and existence of the circumstances to allow petitioner an opportunity to exhaust Remedys thereby Rendering such process ineffective to protect the Rights of the prisoner.

5) The petitioner is challenging an illegal extradition under color of Federal authority, under section 2241(c)(1) there is no exhaustion Requirement.

6) The petitioner has invoked the protections of the Interstate Agreement on detainers 24-701 to 24-703 by filing For Final disposition to the U.S. Attorneys office and to the Superior Court, all Requests were not honored.

7) The protections of the I.A.D. were invoked by the Superior Court and the U.S. Marshalls service For filing detainers against the petitioner while incarcerated in maryland.

(8) The petitioners habeas corpus is Filed as a Remedy to effect discharge from confinement contrary to the constitution and Fundamental law (I.A.D.) and he seeks a hearing in court, to let the court determine the Facts and dispose of the case as law and Justice Require.

(9) petitioners habeas Attack is also on the Failure of the prosecutorial authorities to Afford him a speedy trial once here, in Violation of the I.A.D. 24-701 to 24-703 of the D.C. procedure code, Article III(a) IV(c) and V(c).

(10) The Supreme Court has Ruled (Caraf as V. Lavallee 391 U.S. 234 (1968)) that once habeas corpus Jurisdiction has attached it is not defeated by the subsequent Release of the prisoner even after conviction or Release he is still in Custody within the meaning of the Federal habeas corpus statue.

(11) The Respondents have Failed to state the true cause of the petitioners confinement they have stated two different causes, unless the Writ and Return present only issues of law the petitioner hereby Requests the production of his body at a hearing at the earliest possible convenience of the Court so the Court can dispose of the matter as law and Justice Require.   Wherefore the petitioner pray he be granted his petition For Writ of habeas corpus to issue or hearing on the matter.

Kenneth Williams 7/26/07

## Certificate of Service

I hereby Certify that on this 26th day of July 2007 a copy of this motion for hearing and Reply Response to showcause, and motion to dismiss was mailed postage pre-paid to Respondents at:

Clerk, U.S. District Court
333 Constitution Ave. N.W.
Washington, D.C. 20001

U.S.A.
Jeffery A. Taylor
555 4th street N.W.
Washington, D.C. 20530

Warden, C.D.F.
1901 D street, S.E.
Washington, D.C. 20003

Kenneth Williams, petitioner
July 26, 2007

# United States District Court District of Columbia

Mr. Kenneth Williams,      (R.M.U.)
    Petitioner

V.      Case No. 07-0702

Warden, C.D.F. et. al.,
    Respondent

Reply/Response Memorandum of Points In Support of Petitioners Petition For Writ of Habeas Corpus

The petitioner Kenneth Williams hereby makes his memorandum to the Honorable Court in support of his petition for Writ of Habeas Corpus.

(1) It should be obvious that the Respondents bring this their basic argument to the petitioners petition, the principles of exhaustion of Remedys to the court standing on one leg, Furthermore they conveniently avoid the issue of why their office and the superior court failed to honor all Requests of the Interstate Agreement on Detainers 24-701 to 24-703 made by him and his Counselor, and if they think that section 2253(c)(1) as they admit, is the basis of Jurisdiction that involves interstate extradition and custody under color of Federal Authority then they don't have a leg to stand on.

(2) The petitioners claim in his habeas petition is that the procedures used to effect his transfer (Violation of the I.A.D.) 24-701 to 24-703 were illegal the superior court has had a chance to Rule on this issue several times it was Judge Isco who signed the Writ, therefore this is not a case where the superior court is not cognizable it was Judge Isco who has done this, this makes the Remedy of challenging the legality of this illegal extradition (comity) in violation of the I.A.D. 24-701 to 24-703 inadequate, the Judge has made it known he did what he thought was Right and he is not going to dismiss the case (For I.A.D. or speedy trial violations)

(3) The Remedys for exhaustion are inadequate when the presiding Judge is the Judge who issued the Writ or order for an illegal extradition in violation of the I.A.D.



(3) 24-701 to 24-703 and the detention complained of being brought to this jurisdiction by illegal extradiction under color of Federal Authority, which the basis of Jurisdiction is Really 2241(c)(1) in their Motion to dismiss (see) their attachment (B) Writ of AD prosequendum habeas corpus (The president of the united states) The Exhaustion Requirement is inapplicable because this is the purpose of section 2241(c)(1) to contest the legality of interstate extradiction complained of the Violation of the Interstate Agreement on Detainers 24-701 to 24-703 when in custody under Color of Federal Authority and the extradiction papers are not in order and are without proper Authentication inadequate to support extradiction in violation of D.C. Procedure Code 24-701 to 24-703.

(4) The Detention complained of arises out of process issued by a Federal Judicial Forum (Judge Iscos, Writ on behalf of the president of the united states) interstate extradiction was in Violation of the I.A.D. which was invoked by the Superior Court by issuing detainers and by the petitioner, by Requesting Final disposition mailed to their office (section 2253(c)(1) is not applicable (nor its Exhaustion Requirement) Jurisdiction is section 2241(c)(1) petitioner is a pre-trial detainee contesting illegal extradiction which involves custody under color of Federal Authority, in their motion to dismiss the Respondents admit by their own words in their motion their chief complaint is (2) petitioner has not Exhausted Remedys (petitioner is a pre-trial detainee and not in state custody nor been convicted of any crime in D.C.) section 2253(c)(1) with its Exhaustion Requirement does not apply, section 2241(c)(1) subject matter Jurisdiction of the 2241(c)(1) habeas corpus petition lies in the Federal court (District) where the petitioner is incarcerated or in the Federal district court where the petitioners custodian is located (see Braden v. 30th Judicial Circuit Kentucky 410 U.S. 488-89 (1973).

(5) The view of the Supreme court is that interstate extradiction falls under section 2241(c)(1) and the exhaustion Requirement as codified in section 2253(c)(1) is not applicable as extradiction is essentially an interstate matter more properly handled



④ by the Federal District Court and considerations of federalism do not call for either an exhaustion requirement or abstention doctrine, Respondents think that mistakenly, petitioner should just sit back and let injustice run its course, let illegal extradition take place, let illegal trial and possible conviction take place (prejudicing the petitioner by virtue of violations of the I.A.D. 24-701-703 then appeal, this is not the view of the petitioner, the view of the petitioner is to take his petition to the proper Authority (Federal District Court) having jurisdiction under section 2241(c)(3) where he prays the honorable court to grant his petition for Writ of habeas corpus to issue.

⑤ The petitioner has been prejudiced by the Respondents violation of the I.A.D. against him of his liberty interest to petition the government in violation of his First amendment Rights, and his liberty interest of the 4th amendment of seizure and his unquestioned Right to travel, his liberty interest of the 5th amendment, the process of law that is due him, his liberty interest to Right to speedy trial (6th), his liberty interest to be free of excessive bail 8th amendment, his liberty interest of the 14th amendment due process clause prohibitions against deprivations of liberty without due process of law. From physical restraint, malicious prosecution, and freedom from all substantial and arbitrary impositions, his basic Right to make plans about the future, disruption of Family life, and anxiety in him and his Family, + friends.

⑥ The petitioner has also been prejudiced as described in (Barker v. Wingo 407 U.S. 514, 519 (1972) to his liberty interest (6th amendment) to speedy trial ① length of delay 25 months on uncomplicated offense ② Reason for delay prosecutorial misconduct, sought to violate terms of the I.A.D. 24-701 to 24-703 ③ petitioner assertion of his Right, petitioner asserted his Right early and often, written motion, oral motion, all denied ④ prejudice to the defendant, denied bail, oppressive pre-trial incarceration anxiety and concern, defense has been impaired, Defense Attorney has resigned inability to prepare defense skews the fairness of the system.

Kenneth Williams petitioner
7/26/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH WILLIAMS #336-398

        Plaintiff     :

        v.           : CIVIL ACTION NO. AW-06-1954

WARDEN, *et al.*     :
        Defendants

### ORDER

On January 22, 2007, the above-captioned case was dismissed. Paper Nos. 51 and 52. At that time, Petitioner appeared to be held at the District of Columbia Jail. Due to difficulty locating Plaintiff, however, the Court continued to send materials to Plaintiff at the Jail and at his prior place of incarceration, Maryland's Eastern Correctional Institution in Westover.[1] Paper Nos. 62 and 63.

On June 25, 2007, Plaintiff filed a motion for copy work. Paper No. 64. The motion for copy work is denied without prejudice. The Court will attempt one more time to locate Plaintiff, whose last known places of incarceration were Maryland's Eastern Correctional Institution (ECI) and the District of Columbia Jail.

Accordingly, IT IS this 23rd day of July, 2007, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.    Plaintiff's motion for copy work (Paper No. 64) IS DENIED WITHOUT PREJUDICE; and

---

[1]    Plaintiff does not put his address and inmate number on pleadings and correspondence.

2. The Clerk SHALL MAIL a copy of this order to Plaintiff, Inmate Number 336398 at the Eastern Correctional Institution, 30420 Revells Neck Road, Westover, Maryland 21890, and to Plaintiff, Inmate Number 305762 at the District of Columbia Jail, 1901 D Street, S.E., Washington, D.C. 20003.

/s/
Alexander Williams, Jr.
United States District Judge