1
(I).

*leave to file granted 1/16*
*Ricardo M. Urbina*

United States District Court For the District of Columbia

Kenneth Williams,
  petitioner

V.

Warden, C.D.F. et.al.,
  Respondents

RECEIVED
DEC 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(RMU)
Civil No. 07-0702

## REPLY RESPONSE

The petitioner Kenneth Williams hereby makes his Reply Response to the Honorable court, to the united states, and to the Respondents in opposition to the united states and Respondents Motion to dismiss.

I. **Issue**. The united states Respondent through its Attorney U.S. Attorney Jeffery Taylor has filed a motion to dismiss petitioners petition for Writ of habeas corpus the petitioner contents that the U.S. can present no set of facts presented in any material before the court that would aid in the decisional process (on the merits) in their favor and that any such facts presented in any material before the court would be futile.

**Supporting Facts Argument**. The united states through its Attorney argues that petitioner has not exhausted Remedies in the lower court but the facts show by the united states own Admissions on file (in their Exhibits) the motions filed by the petitioner Demanding speedy trial, motions for Dismissal for violations of the F.A.D. D.C. Procedure code 24-701 to 24-703, motions for Dismissal of defective indictment all have been denied by the lower court, sufficiently to constitute Exhaustion purposes. The united states argues that the 2254 petition is the petition Available to the petitioner but the facts Revealed that petition 2241 is the correct petition primarily used in extraditions and that 2254 with its state exhaustion Requirement does not apply. We, and as I know the court has been down this Road before. The transfer of a prisoner in federal custody falls under the Jurisdiction of



## Supporting Facts Argument

The 2241 petition and the U.S. District Court in the District in which the prisoners custodian is located, in this case the U.S. District Court for the District of Columbia, finally the United States has said that if the court decided that all the motions for Relief filed by the petitioner to the lower court were indeed considered sufficient to be an Exhaustion of Remedies then it wanted a hearing on the merits which the petitioner contents would be futile and would not in any way help the decisional process (Please see petitioners Exhibit #(2) (attached) Where the petitioner filed for final disposition under the terms of the I.A.D. for disposition of All Interstate detainers, but was denied because he did not provide the correct identifier used by the Superior Court, (Please see petitioners Exhibit #(2) He provides the correct identifier used by the Superior Court (1118808) he is told by the Superior Court that this is not the correct identifier#. (Please see petitioner Exhibit #(3) A Detainer issued by the Superior Court June 27, 2006 which shows that 1118808 is indeed the correct identifier# used by the Superior Court (Please see petitioners Exhibit #(4) The Rules governing Federal District of Columbia Detainers when (as in this case) A Writ of habeas corpus Ad prosequendum is used, if a detainer has been filed, again as in this case (see exhibit #(3) The I.A.D. and all its tolling times is indeed applicable (see. U.S. V. Mauro, 436 U.S. at 361-2 (1978)(attached) Accordingly the petitioner requests that the charges or any conviction that resulted against him be dismissed according to the terms of the I.A.D. and that the U.S. motion to dismiss be denied on the merits and that the petitioners petition for writ of habeas corpus to issue. Additionally the petitioner had a protected liberty interest by

3



### Supporting Facts Argument

state statue in the parole date of 7/07 (please see petitioners Exhibit #(5) Certificate of inmate status item #5 Which shows his parole Date July 7, 2007 so when D.C. subsequently Released him on July 30, 2007 the state of maryland lost its Jurisdiction by Not making a parole decision by then 7/07. I am Now being illegally and unconstitutionally incarcerated by the state of maryland Furthermore maryland lost its Jurisdiction by allowing for my illegal transfer which makes any conviction invalid and should be dismissed with prejudice.

Wherefore the petitioner prays the Honorable court to grant him the Relief that he seeks in his petition for writ of habeas Corpus.

Kenneth Williams
petitioner 12/21/07



4

IV.

Dear Clerk, please serve a copy of this Reply/Response to the Respondents listed below, as I, am an Inmate (Indigent) and cannot possibly serve each and every one, and it is well known that while in Washington D.C. Jail I had problems with service to these Respondents where they were not getting my mail.

### Certificate of Service

I hereby certify that on this 31st day of December, 2007 a copy of this Reply Response was sent to Respondents, mailed postage pre-paid to:

Clerk, U.S. District Court
333 Constitution Ave. N.W.
Washington, D.C. 20001

Inspector General
950 Pennsylvania Ave. N.W.
Washington, D.C. 20001

United States Attorney
555-4th Street, N.W.
Washington, D.C. 20530

Attorney General
441-4th Street, N.W.
Washington, D.C. 20001

Warden, C.D.F.
1901. D. Street, S.E.
Washington, D.C. 20001

President, United States
1600 Pennsylvania Ave. N.W.
Washington, D.C. 20001

U.S. Attorney General
950 Pennsylvania Ave. N.W.
Washington, D.C. 20001

OVER →

Kenneth Williams,
Petitioner 12/31/07

Order for Judge's use provided in previous Reply/Response

All previous Reply Responses that were Not mailed to these Respondents should have been, and if they Were Not this is an indication of Federal Legal Mail tampering. I Now Request that all Reply Responses that were Not served on the named Respondents be sent to them I also have the names of those Correctional officers Responsible for taking this Federal Legal mail and disposing of it.

*K. Williams*

5

(II) United States District Court For the District of Columbia

Kenneth Williams,
  Petitioner
        V.                                          Civil No. 07-0702 (RMU)
Warden, C.D.F. eT, al,
  Respondents

## ORDER

Upon Consideration of the petitioners petition For Writ of Habeas Corpus, United States Motion to dismiss, and the Record Herein.

It is this ____ day of _____, ____ ORDERED That the Petition For Writ of Habeas corpus is Hereby GRANTED

And Further ORDERED that the United States Motion to dismiss is hereby Denied and Dismissed

_____
UNITED STATES DISTRICT JUDGE


# Superior Court of the District of Columbia
Criminal Division
500 Indiana Ave. NW
Washington, D.C. 20001-2131  Room 4001

*Exhibit #(1)*

July 13, 2006

Dear Mr. Williams:

We are in receipt of your letter concerning detainers, dated July 7, 2006. However, you neglected to provide your date of birth, and either a case number or PDID number and year of arrest and charge, which the detainer concerns. Please be advised that your request cannot be processed without this information. Upon receipt of the aforementioned information, I will process your request.

I apologize for the inconvenience.

Respectfully,

MEM/ms
Deputy Clerk
Criminal Information Center


# Superior Court of the District of Columbia
Criminal Division
500 Indiana Ave. NW
Washington, D.C. 20001-2131  Room 4001

*Exhibit #(2)*

August 2, 2006

Dear Mr. Williams:

This letter is in response to your recent follow-up correspondence regarding a PDID number. The number your provided – 1118808/(1 FED) – is not a PDID number or any other identifier used by the Superior Court for the District of Columbia. A PDID number would be a six-digit number that is used to identify an individual by the arresting agency. Since a PDID number is apparently unknown, please provide your name and any aliases (if any exist), a date of birth, a known year of arrest (in Washington, D.C.) and a corresponding charge. I would be unable to asset you without being able to look up your case information and specific identifiers are required, such as a date of birth, case number, year of arrest and charge, etc. However, from a cursory standpoint only, if you are aware of interstate detainers that have been lodged against you, either by the D.C. Superior Court or the U.S. Marshals Service, you must contact your case manager at the facility wherein you are housed and that individual can contact the proper agency and have a court date scheduled for you to remove the detainer, if such was entered into the system by the courts.

I apologize for the inconvenience but I am unable to provide you with any further information regarding your status with D.C. Superior Court at this time.

Sincerely,


MEM/ms
Deputy Clerk
Criminal Information Center

Enclosure



U. S. Department of Justice
*United States Marshals Service*



# DETAINER
## AGAINST SENTENCED PRISONER

UNITED STATES MARSHAL
SUPERIOR COURT
DISTRICT OF COLUMBIA

*Please type or print neatly:*
TO: Md Dept of Correction

DATE: June 27, 2006
SUBJECT: Williams, Kenneth
AKA: Johnson, Kenneth
DOB/SSN: 11/28/1960; 434046204
USMS FID#: 1118808
DC MPD PDID#: 575286
INSTITUTION ID#: 336398

*Exhibit #(3)*

    Please accept this Detainer against the above-named subject who is currently in your custody. The Superior Court for the District of Columbia has issued an arrest warrant(s) charging the subject with the commission of the following offense(s):
Failure to appear for felony arraignment hearing-uttering, first degree theft, attempted second degree theft-Criminal Number 2005 FEL 003739

    Prior to the subject's release from your custody, please notify this office at once so that we may assume custody if necessary. If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at the time of transfer and advise this office as soon as possible.

    The notice and speedy trial requirements of the Interstate Agreement on Detainers Act APPLY to this Detainer because the Detainer is based on pending Federal criminal charges which have not yet been tried. Pursuant to the provision of the Interstate Agreement on Detainers Act (IADA), a person serving a sentence of imprisonment in any penal institution against whom a detainer is lodged (based on pending Federal criminal charges which have not yet been tried) must be advised that a Detainer has been filed and that the prisoner has the right to demand speedy trial on those charges. Accordingly, please advise the subject that a Detainer has been filed against him/her and that under the IADA, he/she has the right to demand speedy trial on the charges. If your office does not have an official form for such purposes, the statements contained in this Form below may be used.

### INSTRUCTIONS FOR COMPLETION OF STATEMENTS

1.     Please read or show the following to the subject:

"You are hereby advised that a Detainer has been filed against you on ___June 27, 2006___, on the basis of criminal charges filed against you in the Superior Court for the District of Columbia. With regard to answering these charges, you are hereby advised that you have the right to demand a speedy trial under the Interstate Agreement on Detainers Act (IADA). Under the IADA, you have the right to be brought to trial within 180 days after you have caused to be delivered to the appropriate U.S. Attorney and the appropriate U.S. District Court, written notice of your request for a final disposition of the charges against you. Because the 180-day time limit may be tolled by virtue of delays attributable to you, you should periodically inquire as to whether your written notice of request for a final disposition of the charges against you has been received by the appropriate U.S. Attorney and the appropriate U.S. District Court. You are hereby

# DETAINER

PRIOR EDITIONS ARE OBSOLETE AND NOT TO BE USED



Form USM-17
EST. 11/88

(IX) 9    Exhibit #(4)

prosecutors filed a petition for continuance because of the possible imposition of the death penalty by Pennsylvania, wherein the individual was incarcerated. The 180th day passed while the Maryland trial judge was holding the matter under consideration. Eventually, he ordered a "speedy trial," denying the defendant's motion to dismiss. The Court of Appeals, reversing both the trial court and the Court of Special Appeals, dictated strict compliance with the statutory time period.

IV. **Federal and District of Columbia Detainers** - Federal courts may issue a writ of *habeas corpus ad prosequendum* which is used to bring state prisoners into another jurisdiction to be tried on federal or criminal charges.[176] This writ directs the immediate production of the prisoner unlike filing a detainer and subsequent IAD procedures.[177] The writ is not a detainer as defined in the IAD.[178] If no detainer has been filed against a prisoner and a writ of *habeas corpus ad prosequendum* is used, the IAD is not applicable.[179] However, should a detainer be filed by the authorities, the writ of *habeas corpus ad prosequendum* suffices as a request in writing for temporary custody and the IAD is applicable.[180]

The District of Columbia sometimes also uses a writ of *habeas corpus ad prosequendum*, and if there has not been a detainer filed against a prisoner, the IAD is not applicable.[181]

V. **Intrastate Detainers** - The provisions for Intrastate Detainers are contained in Md. Ann. Code, Art. 27, §§ 616S-619 (1992 Repl. Vol., 1994 Cum. Supp.). Identical in purpose and rationale to those of the Interstate Agreement, they are to be construed in *pari materia*.[182] Provisions special to the intrastate act are:

A. The accused must be brought to trial within 120 days of his request rather than 180 days.[183]

B. If the other State paroles the prisoner to the Maryland detainer while he is in temporary custody of Maryland, the Act no longer applies and the prosecutor is not bound by the 120 day limit.[184]

---

[176] *United States v. Mauro*, 436 U.S. 340, 357-8 (1978).

[177] *Mauro*, 436 U.S. at 358.

[178] *Mauro*, 436 U.S. at 360-1. *State v. Boone, supra*.

[179] *Mauro*, 436 U.S. at 360-2. *Boone, supra*.

[180] *Mauro*, 436 U.S. at 361-2.

[181] *Klienbart v. United States*, 426 A.2d 343 (D.C. App.); *Christian v. United States*, 394 A.2d 1 (1978).

[182] *Brooks v. State*, 329 Md. 98, 617 A.2d 1049 (1993); *Barnes v. State*, 20 Md. App. 262, 315 A.2d 117 (1974), *aff'd*, *State v. Barnes*, 273 Md. 195, 328 A.2d 737 (1974).

[183] Md. Ann. Code, Art. 27, § 616S(a). Continuances may be granted for good cause shown. *Anglin v. State*, 38 Md. App. 250, 380 A.2d 249 (1977). Moreover dismissal is without prejudice. § 616S(e); *Parks v. State*, 41 Md. App. 381, 397 A.2d 212 (1979), *aff'd*, 287 Md. 11, 410 A.2d 597 (1980).

[184] *State v. Oxendine*, 58 Md. App. 591, 473 A.2d 1311 (1984)

⊗ 10

Exhibit #(5)

## DIVISION OF CORRECTION

### CERTIFICATE OF INMATE STATUS

MARYLAND RECEPTION-DIAGNOSTIC CLASSIFICATION CENTER
550 E. MADISON STREET     BALTIMORE, MD. 21202

INSTITUTION

NAME: _Kenneth Williams_     NUMBER: _336798_

SERVING A SENTENCE OF: _5 YRS_     FROM: _4-17-06_

SENTENCED BY (JUDGE): _Ruff_     COURT: _Mont Co Circ_

OFFENSE(S): _UOP (Uttering)_     INDICTMENT NUMBER(S): _89864C_

DATE DETAINER(S) PLACED: _6-27-06_     JURISDICTION: _PG Co_

OFFENSE(S) CHARGED IN DETAINER: _CN1 33/3241 pus etc_

IN ACCORDANCE WITH ARTICLE 27, SECTION 616E, SUBSECTION B (INTERSTATE AGREEMENT ON DETAINERS) AND SECTION 616S, SUBSECTION A (INTRASTATE DETAINERS) OF THE ANNOTATED CODE OF MARYLAND THE FOLLOWING IS SUBMITTED.

THE WARDEN OF THE <u>MARYLAND RECEPTION DIAGNOSTIC AND CLASSIFICATION CENTER</u> HEREBY CERTIFIES:

1. TERM OF COMMITMENT OF ABOVE-NAMED INMATE: _5 YRS_
2. TIME ALREADY SERVED ON SENTENCE: _from 4-17-06_
3. TIME REMAINING TO BE SERVED ON SENTENCE: _Current mnd 8-21-09_
4. AMOUNT OF GOOD TIME EARNED: _594 m/y_
5. PAROLE ELIGIBILITY DATE: _7/07_
6. PAROLE BOARD HEARINGS AND RESULTS: _none_

DATE: _6-27-06_     SIGNATURE: _Wendell France Chy_
                                    WARDEN

DISTRIBUTION:  ONE COPY TO THE APPROPRIATE OFFICER MAKING REQUEST
               ONE COPY TO APPROPRIATE COURT WHERE CHARGE IS PENDING
               ONE COPY IN INMATE'S BASE FILE

OTHER: _____

DATE: _6-27-06_     SIGNATURE AND TITLE OF INFORMANT: _R L Koofe_

United States District Court
For the District of Columbia

Kenneth Williams
  Petitioner
  v.
Warden, C.D.F. et. al.
  Respondents

Civil No-07-0702 (RMU)

RECEIVED JAN 0 2 2008 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

RECEIVED JAN 0 2 2008 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

<u>Supplement</u>

The petitioner Kenneth Williams Hereby files this supplement to the Honorable Court, to the United States, and to the Respondents in support of his petition For Writ of Habeas Corpus and says:

1. Supplement to Reply Response 12/21/07 Additional U.S. Respondent
   Office of the Solicitor General
   950 Pennsylvania Avenue N.W.
   Washington, D.C. 20001

2. Dear Clerk, Please accept this supplement to the Reply Response Filed December 21, 2007 in Reply to the United States motion to dismiss, which has made it Necessary to serve a Reply to additional Respondents.

3. I am an Indigent inmate incarcerated in the Maryland D.O.C. Accordingly please serve this Respondent as well as others submitted on 12/21/07 a copy of petitioners Reply Response.

4. While incarcerated in Washington, D.C. (C.D.F.) I had continuing mail problems and this is the Reason all Respondents were Not served.

Wherefore the petitioner prays the Honorable Court to grant him Relief that is sought in his petition For Writ of Habeas Corpus.

<u>Kenneth Williams</u>
<u>Petitioner</u> 12/21/07

## Certificate of Service

I hereby certify that on this 21st day of December 2007 a copy of this supplement Additional Respondent was mailed postage pre-paid to in care of the clerk.

| | |
|---|---|
| Clerk, U.S. District Court<br>333 Constitution Ave N.W.<br>Washington, D.C. 20001 | To the care of the clerk<br>office of the Solicitor general<br>950 Pennsylvania, Ave. N.W.<br>Washington, D.C. 20001. |

Kenneth Williams
Petitioner 12/21/07

Received Mail Room
JAN -2 2008
Nancy Mayer Whittington, Clerk
US District Court, District of Columbia