





Kenneth D. Williams
DCDC386-358

Returned To Sender
Refused by Inmate
Enrolled
Released

Received Mail Room
MAR 21 2008
Nancy Mayer Whittington, Clerk
US District Court, District of Columbia

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC 20001

OFFICIAL BUSINESS



DCD_ECFNotice@dcd.uscourts.gov
03/11/2008 08:23 AM

To  DCD_ECFNotice@dcd.uscourts.gov
cc
bcc
Subject  Activity in Case 1:07-cv-00702-RMU WILLIAMS v. WARDEN-CENTRAL DETENTION FACILITY et al Order on Motion to Dismiss

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

## District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 3/11/2008 at 8:23 AM and filed on 3/11/2008
**Case Name:**         WILLIAMS v. WARDEN-CENTRAL DETENTION FACILITY et al
**Case Number:**       1:07-cv-702
**Filer:**
**Document Number:**   36

Docket Text:
**ORDER granting [6] the respondents' motion to dismiss and denying the petition for writ of habeas corpus. Signed by Judge Ricardo M. Urbina on 3/11/2008.**

**1:07-cv-702 Notice has been electronically mailed to:**

Michael P. Bruckheim  michael.bruckheim@dc.gov

Thomas S. Rees  thomas.s.rees@usdoj.gov, barbara.burnett@usdoj.gov, robert.okun@usdoj.gov

**1:07-cv-702 Notice will be delivered by other means to::**

KENNETH WILLIAMS
DC 336-398
P.H.P.R.V.
24090 Nanticoke Road

Quantico, MD 21856

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** O:\ECF Documents\Williams v. Warden CDF ORDER.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=3/11/2008] [FileNumber=1724214-0]
[15628e2f5364c7fc171b864478aabc972b38a32cc1b127eb0971ed9be7fd20ca3198
748a45c211f5053b4a1af11171bbdce0671b854b16b6f1f1ebf935c21b53]]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| KENNETH WILLIAMS, | : | | |
| | : | | |
| Petitioner, | : | Civil Action No.: | 07-0702 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 1, 6 |
| | : | | |
| WARDEN-CENTRAL DETENTION FACILITY *et al.*, | : | | |
| | : | | |
| Respondents. | : | | |

## O R D E R

### DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING THE RESPONDENTS' MOTION TO DISMISS

For the reasons stated in this court's memorandum opinion separately and contemporaneously issued this 11th day of March 2008, it is hereby

**ORDERED** that the petition for writ of habeas corpus is **DENIED**. It is

**FURTHER ORDERED** that the respondents' motion to dismiss is **GRANTED**.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge



DCD_ECFNotice@dcd.uscourts.gov
03/11/2008 08:24 AM

To DCD_ECFNotice@dcd.uscourts.gov
cc
bcc
Subject Activity in Case 1:07-cv-00702-RMU WILLIAMS v. WARDEN-CENTRAL DETENTION FACILITY et al Memorandum & Opinion

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

## U.S. District Court

## District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 3/11/2008 at 8:24 AM and filed on 3/11/2008
**Case Name:**          WILLIAMS v. WARDEN-CENTRAL DETENTION FACILITY et al
**Case Number:**        1:07-cv-702
**Filer:**
**Document Number:**    37

**Docket Text:**
**MEMORANDUM OPINION granting the respondents' motion to dismiss and denying the petition for writ of habeas corpus. Signed by Judge Ricardo M. Urbina on 3/11/2008.**

**1:07-cv-702 Notice has been electronically mailed to:**

Michael P. Bruckheim   michael.bruckheim@dc.gov

Thomas S. Rees   thomas.s.rees@usdoj.gov, barbara.burnett@usdoj.gov, robert.okun@usdoj.gov

**1:07-cv-702 Notice will be delivered by other means to::**

KENNETH WILLIAMS
DC 336-398
P.H.P.R.V.
24090 Nanticoke Road
Quantico, MD 21856

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** O:\ECF Documents\Williams v. Warden CDF.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=3/11/2008] [FileNumber=1724217-0]
[1e93c98e206e976432c31f208be88195a3e94f3814bc77959b773eb278c219dd727e
55b3deb3f73fc00f3ab46d31eae9dbf1beb549b5e56ff51c01b07e8e78d6]]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH WILLIAMS,             :
                              :
        Petitioner,           :   Civil Action No.:    07-0702 (RMU)
                              :
    v.                        :   Document Nos.:      1, 6
                              :
WARDEN-CENTRAL DETENTION      :
FACILITY et al.,              :
                              :
        Respondents.          :

## MEMORANDUM OPINION

### DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING THE RESPONDENTS' MOTION TO DISMISS

### I. INTRODUCTION

The *pro se* petitioner is incarcerated at the District of Columbia Jail for charges pending against him in the Superior Court for the District of Columbia ("Superior Court"). This matter is before the court on his petition for a writ of habeas corpus, seeking to invoke his right to a speedy trial, or in the alternative, seeking to be released from custody and to have all charges against him dropped. The respondent[1] moves to dismiss, arguing that the petitioner has failed to exhaust his remedies in the District of Columbia courts. Because the petitioner's claims can be resolved in the Superior Court, and because the petitioner has not presented any special circumstances justifying pretrial federal review of his detention, considerations of comity preclude this court from interfering with the ongoing Superior Court proceedings. Therefore, the court denies the petition for a writ of habeas corpus and grants the respondent's motion to dismiss.

---

[1] The respondents in this case are the Warden of the Central Detention Facility and the U.S. Attorney's Office. The court will refer to the respondents in the singular.

## II. FACTUAL & PROCEDURAL BACKGROUND[2]

The petitioner was arrested on July 2, 2005 and brought before the Superior Court on several charges.[3] Resp.'s Mot. to Dismiss ("Resp.'s Mot.") at 1; Resp.'s Show Cause Response at 1. On January 20, 2006 the petitioner failed to appear at his arraignment, and the court issued a bench warrant. Resp.'s Mot. at 1. The petitioner was arrested pursuant to the execution of the warrant on April 12, 2006, and a status hearing was set. The petitioner was released, but he again failed to appear at the scheduled status hearing. *Id.* at 2. Subsequently, at some unknown date, the petitioner was re-arrested. The Superior Court sent a detainer to the Maryland Department of Correction on June 27, 2006, notifying it that an arrest warrant charging the petitioner had been issued. Pet'r's Reply, Ex. 3. Subsequently, the Superior Court issued a writ of habeas ad prosequendum on October 18, 2006 to the warden of the Eastern Correctional Institution and the United States Marshal for the State of Maryland, ordering the petitioner to appear for arraignment in the District of Columbia on December 4, 2006. Resp.'s Mot. at 2. The petitioner then filed *pro se* a "Motion to Dismiss Indictments." *Id.*

The petitioner was arraigned and pled not guilty to all charges, and on January 12, 2007, he filed *pro se* a Motion to Dismiss in the Superior Court for failure to comply with the Speedy Trial Act. *Id.* at 2-3. A forensic examination was requested by the Superior Court, but the petitioner was uncooperative. *Id.* at 3. Following an unsuccessful attempted competency examination of the petitioner, Judge Iscoe of the Superior Court denied both pending motions to

---

[2] The record as presented by both parties creates ambiguity as to several facts. Nevertheless, the court has sufficient information to resolve the petition and the instant motion.

[3] The facts of the offenses allegedly committed by the petitioner are not material to the court's resolution of the petition or the defendant's motion.

2

dismiss and ordered the petitioner to an inpatient competency examination to determine the petitioner's competency to stand trial. *Id.* On April 27, 2007, the petitioner was deemed competent to stand trial. The petitioner subsequently expressed dissatisfaction with his counsel, and the Superior Court granted counsel's motion to withdraw. *Id.*

The Superior Court appointed new counsel on May 15, 2007, but the petitioner nonetheless filed *pro se* a petition for a writ of habeas corpus on April 17, 2007 in this court, alleging prosecutorial misconduct and violations of the Interstate Agreement on Detainers,[4] the Fifth Amendment presentment and due process clauses, the Sixth Amendment right to a speedy trial, and the Fourteenth Amendment due process clause. *See generally* Pet. for Writ of Habeas Corpus ("Pet."). The respondent filed a Motion to Dismiss on May 21, 2007, followed by numerous memoranda, notices and replies by the petitioner. The court now simultaneously addresses the petition for writ of habeas corpus and the respondent's motion to dismiss the petition.

### III.   ANALYSIS

#### A.   28 U.S.C. § 2241 Governs the Permissibility of Pretrial Habeas Petitions

In considering habeas petitions, Congress makes a distinction between pretrial and post-conviction petitions. 28 U.S.C. § 2254[5] governs habeas petitions filed after a state court

---

[4]   *See generally* D.C. Code. § 24-801.

[5]   28 U.S.C. § 2254 provides in relevant part that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the *judgment* of a State court . . . ." 28 U.S.C. § 2254 (a) (emphasis added).

3

judgment, whereas 28 U.S.C. § 2241[6] governs a "person in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (holding that the district court improperly construed a *pro se* defendant's pretrial habeas corpus petition under section 2254 instead of section 2241, since section 2254 only applies to post-judgment petitions); *see also Braden v. 30th Judicial Circuit Court of Ky*, 410 U.S. 484, 503-04 (1973).

Prior to a judgment of conviction in state court, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (quoting *Ex parte Royall*, 117 U.S. 241, 253 (1886)). There is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' . . . and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle, Jr.*, 530 F.2d 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 491). Federal courts, respecting comity, will interfere with "state courts only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Ex parte Hawk*, 321 U.S. 114, 117 (1944) (internal quotations omitted).

### B. The Court Denies the Petition for a Writ of Habeas Corpus and Grants the Respondent's Motion to Dismiss

In his petition for a writ of habeas corpus, the petitioner asserts that he has been detained as a result of prosecutorial misconduct and in violation of several constitutional rights and the Interstate Agreement on Detainers. *See* Pet. at 5-7. In reply, the respondent claims that the

---

[6]  28 U.S.C. § 2241 provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3).

4

petitioner has failed to exhaust his state court remedies and that principles of comity preclude this court from interfering with the Superior Court proceedings. Resp.'s Mot. at 4-7.

The respondent's challenge that the petitioner has not exhausted his state court remedies slightly misses the mark. The respondent is correct that there is no evidence in the record to suggest that the plaintiff has exhausted his remedies, but exhaustion of state remedies is not statutorily required with pretrial habeas corpus petitions. *See* 28 U.S.C. § 2241. The larger issue at play here is that exhaustion of state court remedies facilitates comity among the courts. "[A] body of case law has developed holding that although section 2241 established jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state[7] court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225; *see* 28 U.S.C. § 2241(c)(3); *United States v. Scranton*, 532 F.2d 292, 294 (2d Cir. 1976) (stating that "decisional law has superimposed" a requirement that state remedies be exhausted as a prerequisite to federal habeas relief). Exhaustion of all remedies in the state courts, before federal intervention, protects the state court's ability to confront and resolve constitutional issues within their jurisdiction and prevents unnecessary federal interference in the state adjudicatory process. *See Dickerson*, 816 F.2d at 225 (applying the exhaustion doctrine to habeas petitions before the court under section 2241(c)(3)). Indeed, federal interference in a state proceeding will only issue in the rarest of circumstances. *E.g.*, *Braden*, 410 U.S. at 508 (noting that an extraordinary circumstance justifying pretrial federal interference exists when a state brings a criminal charge against a petitioner where it lacks jurisdiction) (Rehnquist, J. dissenting).

---

[7] The D.C. Circuit has considered the District of Columbia courts as "'state' courts for the purposes of exhaustion and federal habeas corpus jurisdiction." *Milhouse v. Levi*, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976).

The proceedings in the Superior Court are at their earliest stages, due in no small part to the petitioner's failure to appear at various hearings, his failure to cooperate with a forensic examination, his objections to counsel and his filing of multiple motions to dismiss and a motion for recusal. The record bears no suggestion that the plaintiff has presented any of the claims in his petition to the Superior Court. Therefore, the petitioner's conduct suggests, at best, an effort to delay the Superior Court proceeding of the case, and this represents a prohibited use of § 2241. *Braden*, 410 U.S. at 493; *see e.g.*, *Toney v. Bowles*, 2001 U.S. Dist. LEXIS 13812, at *8 (N.D. Tex. July 11, 2001). The petitioner's allegations of prosecutorial misconduct and violations of the Interstate Agreement on Detainers, the Fifth Amendment presentment and due process clauses, the Sixth Amendment right to a speedy trial, the Fourteenth Amendment due process clause are challenges that may be properly resolved in the Superior Court trial proceedings. *See Braden*, 410 U.S. at 493 (emphasizing that federal habeas corpus will not be allowed as a pretrial motion forum for state prisoners). In addition, none of the claims present an "exceptional circumstance of peculiar urgency" that justifies federal intervention. *United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). Justice is, therefore, best served by this court respecting comity and allowing the petitioner to present the merits of the case to the Superior Court for resolution. Accordingly, the court denies the petition and grants the respondent's motion to dismiss.

## IV. CONCLUSION

For the reasons stated above, the court denies the petition for a writ of habeas corpus and grants the respondent's motion to dismiss. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 11th day of March, 2008.

RICARDO M. URBINA<br>
United States District Judge